112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Jesse RAMIREZ, Defendant-Appellant.
 No. 95-50355.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1997.
Decided April 28, 1997.
 
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,* District Judge.
 MEMORANDUM**
 A jury convicted Jose Jesse Ramirez of one count of possession of a controlled precursor chemical to methamphetamine and four counts involving weapons violations. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the conviction.
 I. JOINDER UNDER RULE 8(a)
 We review de novo the legal question whether charges in the indictment properly were joined. United States v. VonWillie, 59 F.3d 922, 929 (9th Cir.1995); United States v. Vasquez-Velasco, 15 F.3d 833, 843 (9th Cir.1994). We determine the validity of the joinder based solely on the allegations in the indictment. United States v. Terry, 911 F.2d 272, 276 (9th Cir.1990).
 Fed.R.Crim.P. 8(a) authorizes the joinder of offenses in the same indictment "if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." The indictment must allege some commonality between the joined offenses. See Terry, 911 F.2d at 276. "The term 'transaction' is to be interpreted flexibly and 'may comprehend a series of related occurrences.' " Id. (citation omitted). Joinder may be proper if the same evidence must be used or the same facts adduced to prove each of the joined offenses. Id.; see also United States v. Portac, Inc., 869 F.2d 1288, 1294 (9th Cir.1989), cert. denied by Wolf v. United States, 498 U.S. 845 (1990).
 The Second Superseding Indictment against Ramirez included one charge of possession of a precursor chemical and four firearms charges. The drug charge does not refer to the firearms charges. None of the firearms charges refer to the drug charge. On the face of the indictment, the drug and firearms charges are unconnected and are not provable by the same evidence. Because the joined offenses lack the requisite transactional or "common scheme or plan" nexus, joinder was improper.[1] Terry, 911 F.2d at 276.
 However, misjoinder requires reversal only if it actually prejudiced Ramirez by having a "substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986); see also Terry, 911 F.2d at 277. In Terry, the court found that the defendant was prejudiced by the joinder of an unrelated drug charge with a felon-in-possession charge because "[a] juror would inevitably be more disturbed about the idea of a 'drug dealer' with a gun than a citizen who previously had committed some unknown crime." Terry, 911 F.2d at 277. We find a similar danger of prejudice here. A reasonable juror likely would be more concerned about a purchaser of precursor chemicals to methamphetamine who also possessed numerous dangerous weapons than about such a buyer without weapons or a gun possessor unconnected to such chemicals. The misjoinder prejudiced Ramirez; we therefore reverse his conviction.
 II. MOTION TO SEVER UNDER RULE 14
 The district court also erred in denying Ramirez's motion to sever pursuant to Fed.R.Crim.P. 14. Under Rule 14, the district court may sever counts where "it appears that a defendant or the government is prejudiced by a joinder of offenses" in an indictment or for trial. We review the district court's denial of a motion to sever for an abuse of discretion. United States v. Matta-Ballesteros, 71 F.3d 754, 770 (9th Cir.1995), as amended on denial of reh'g, 98 F.3d 1100 (9th Cir.1996), cert. denied, 117 S.Ct. 965 (1997). The scope of our review is narrow; we must determine "whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise [her] discretion in but one way, by ordering a separate trial." United States v. Baker, 10 F.3d 1374, 1387 (9th Cir.1993) (internal quotation omitted), cert. denied, 115 S.Ct. 330 (1994).
 We conclude that the joint trial of the drug and firearms charges against Ramirez manifestly prejudiced him. In both his pretrial motion to sever and his renewed motion at the close of the government's evidence, Ramirez expressed his desire to testify, if at all, only on the drug charges. He stated that "[w]ithout the requirement of testifying regarding entrapment on [the drug count, he] would opt not to testify at all."
 Ramirez did testify at trial. His direct examination covered only his entrapment defense. On cross-examination, the government referred to the weapons. Ramirez denied knowledge or possession of those weapons. At Ramirez's sentencing hearing, the district court expressly found that Ramirez committed perjury and enhanced his sentence by two points. The government argues, correctly, that no one forced Ramirez to commit perjury. Nevertheless, Ramirez's ability to testify on his own behalf as to his entrapment defense clearly was compromised by the joinder of the firearms charges. We conclude that this rises to the level of the " 'clear, manifest, or undue prejudice' required to justify reversal for failure to sever." VonWillie, 59 F.3d at 930 (citation omitted).
 Also, joinder of the felon-in-possession charge enabled the prosecution to admit evidence of Ramirez's past drug convictions. This court has acknowledged that "there is a high risk of undue prejudice whenever ... joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." United States v. Lewis, 787 F.2d 1318, 1322 (citations omitted), as amended by 798 F.2d 1250 (9th Cir.1986).
 The district court may guard against this type of prejudice by properly instructing the jury. In United States v. Nguyen, 88 F.3d 812 (9th Cir.), cert. denied, 117 S.Ct. 443 (1996), we found that the district court dispelled the potential prejudice from joinder by instructing the jury to consider the defendant's prior convictions only for the purpose of deciding whether he had a prior felony conviction. Id. at 817. Here, the district judge gave the following limiting instruction with regard to Ramirez's prior convictions:
 You heard evidence that defendant has previously been convicted in 1984 of a crime punishable by a term of imprisonment exceeding one year. Previous conviction of such a crime is an element of the offense charged in Count Five of the indictment. You may consider this evidence only for the purpose of deciding whether such element has been proven regarding Count Five of the indictment....
 You heard evidence that defendant has previously been convicted in 1989 of a crime involving the sale or transportation of cocaine which is a crime punishable by a term of imprisonment exceeding one year. You may consider this evidence only for the following limited purposes: defendant's believability as a witness; deciding whether the prior conviction element of Count Five of the indictment has been proven; and deciding whether defendant was predisposed to commit the crime involving ephedrine charged in Count One of the indictment prior to being contacted by government agents. You may not consider the evidence regarding defendant's 1989 conviction for any other additional purpose.
 6 RT 925-26.
 While the jury probably would not have learned of Ramirez's 1984 conviction in considering the ephedrine charge but for the joint felon-in-possession charge, the limiting instruction dispelled the potential prejudice regarding this conviction. However, the instruction regarding the 1989 conviction did not effectively limit the jury's use of that conviction and failed to dispel the potential prejudice.
 The government argues that evidence of firearms possession may be admissible in a drug case to prove knowing involvement in the drug trade. See United States v. Tarazon, 989 F.2d 1045, 1053 (9th Cir.), cert. denied, 510 U.S. 853 (1993); United States v. Butcher, 926 F.2d 811, 815-16 (9th Cir.), cert. denied, 500 U.S. 959 (1991). The government further argues that the 1989 drug conviction was independently admissible once Ramirez offered an entrapment defense. These arguments, while facially plausible, ignore the real issue of whether the joint trial of the drug and firearms charges prevented Ramirez from defending himself effectively on the drug charge without prejudicing his defense on the firearms charges, and vice versa.
 In United States v. Houser, 929 F.2d 1369 (9th Cir.1990), we upheld the district court's admission of the defendant's prior conviction, coupled with a limiting instruction, but noted that "[i]t is always possible that the similarity between the prior acts and the current offense would improperly affect the jury's deliberations." Id. at 1373. The Supreme Court recently reached a similar conclusion, finding a substantial risk of unfair prejudice in the admission of a felon-in-possession defendant's conviction record over the defendant's offer to stipulate to his prior felony conviction. Old Chief v. United States, 117 S.Ct. 644, 647 (1997).
 The government did present considerable independent evidence to support Ramirez's conviction on both the drug and firearms charges. See VonWillie, 59 F.3d at 930 (finding no abuse of discretion in denial of motion to sever drug and firearms charges where evidence of guilt on both counts was overwhelming). However, this case differs from VonWillie in that Ramirez's drug and firearms charges were improperly joined in the indictment. See id. at 929 (finding joinder proper).
 Moreover, in VonWillie, the government stipulated to the defendant's prior felony conviction, the district court limited the government's presentation of evidence regarding the prior conviction, and the district court gave the jury limiting instructions for the prior-conviction evidence. Id. at 930. The Supreme Court's decision in Old Chief strongly suggests that when prior conviction evidence is admitted the district judge must give a limiting instruction or take other steps to prevent unfair prejudice. See Old Chief, 117 S.Ct. at 655-56. Here, the district court took no such precautions. The district court abused its discretion in denying Ramirez's motion to sever under Rule 14.
 III. MOTION TO SUPPRESS
 The district court's determination that Ramirez's sister, Ms. Mitchell, voluntarily consented to the search of her apartment and bedroom depends on the totality of the surrounding circumstances and is a factual question that we review for clear error. United States v. Morning, 64 F.3d 531, 532 (9th Cir.1995), cert. denied, 116 S.Ct. 1030 (1996); United States v. Kelley, 953 F.2d 562, 566 (9th Cir.1992).
 After examining the totality of the surrounding circumstances, the district court concluded that Mitchell voluntarily consented to the search. Upon review of the evidence submitted in support of and in opposition to Ramirez's motion to suppress, we conclude that the district court's finding of voluntary consent was not clearly erroneous.
 IV. ADMISSION OF THE METHAMPHETAMINE BINDLES
 We review the district court's decision to admit evidence under Fed.R.Evid. 404(b) for an abuse of discretion. Houser, 929 F.2d at 1373. We may reverse on this basis only if an abuse of discretion more likely than not affected the verdict. United States v. Karterman, 60 F.3d 576, 578 (9th Cir.1995); United States v. Corona, 34 F.3d 876, 882 (9th Cir.1994).
 The district court initially excluded from evidence the three bindles of methamphetamine found in Ramirez's belongings at Mitchell's apartment. However, the court stated that it would permit the government to renew its motion to introduce that evidence if Ramirez raised an entrapment defense. The court advised the government that the methamphetamine would be admitted only if the government submitted an acceptable limiting instruction. Ramirez offered an entrapment defense and the district court granted the government's renewed request to admit the methamphetamine. The district court instructed the jury that
 [t]he evidence which has just been received is not received to prove [Ramirez's] guilt of [the ephedrine possession] charge, but is received simply for the limited purpose to show that he has knowledge of the methamphetamine which was in Exhibit 6, and that is the limited purpose for which this evidence has been received.
 2 RT 299.
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith." Fed.R.Evid. 404(b). However, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. This court generally disfavors admitting "other act" evidence. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013-14 (9th Cir.1995). Under our four-part test, "other act" evidence is admissible if:
 (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.
 United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994). Ramirez argues that evidence that he possessed a small amount of methamphetamine is not sufficiently similar to the charged crime of possession of precursor chemicals to satisfy this test.
 In Vizcarra-Martinez, the defendant was charged with conspiracy to wrongfully possess hydriodic acid and with having reasonable cause to believe the acid would be used to manufacture methamphetamine. Vizcarra-Martinez, 66 F.3d at 1009. We held that evidence of the defendant's possession of a small quantity of methamphetamine did not tend to prove that he "was aware that hydriodic acid could be transformed into methamphetamine through a complicated manufacturing process." Id. at 1014. Particularly because the government had produced no evidence indicating that the methamphetamine in question was manufactured by the defendant or his co-conspirators, the court found that admission of the personal-use methamphetamine constituted an abuse of discretion. Id. at 1015-16. We further found that the error was not harmless, since evidence that a defendant uses drugs is "highly prejudicial." Id. at 1017.
 Vizcarra-Martinez differs from this case only in that Ramirez presented an entrapment defense and the government offered the methamphetamine to rebut that defense. Ramirez, like Vizcarra-Martinez, was charged with possession of a precursor chemical to methamphetamine. The government offered the methamphetamine to prove Ramirez's knowledge of the drug, the same purpose for which the prosecution offered the methamphetamine in Vizcarra-Martinez. See 66 F.3d at 1014. The government presented no evidence that Ramirez manufactured the methamphetamine. In light of Vizcarra-Martinez, we conclude that the district court abused its discretion in admitting the methamphetamine.[2]
 V. TESTIMONY READBACK
 We review the district court's decision to allow the readback of testimony for an abuse of discretion. United States v. Nickell, 883 F.2d 824, 829 (9th Cir.1989). "The determination to allow a rereading or rehearing of testimony must be based on particular facts and circumstances of the case. Undue emphasis of particular testimony should not be permitted." United States v. Binder, 769 F.2d 595, 600 (9th Cir.1985).
 During deliberations, the jury requested a readback of "[t]estimony about 'Chino' by Officers Sanchez & Jones & testimony by Jerry concerning the same subject." The jury's note requested Sanchez's testimony from February 21, Jones's testimony from February 22, and Jerry's testimony from February 27. The district court granted this request and arranged for the testimony to be reread in open court, with Ramirez and counsel for both sides present. The district court did not give any limiting instruction in connection with the readback.
 After the designated testimony was read back, Ramirez's counsel pointed out that his cross-examination of Officer Sanchez had not been read back. The district court explained that Sanchez had testified on direct examination on February 21 and on cross-examination on February 22. The jury's note requested only Sanchez's February 21 testimony. The district judge stated that "the law is to respond with absolute precision to the note and not allow additional matters to go back to the jury that they did not specifically request."
 We have upheld the readback of testimony or the provision of the transcript to the jury only where the district court has taken substantial precautions to ensure that no testimony is unduly emphasized. See United States v. Hernandez, 27 F.3d 1403, 1408 (9th Cir.1994) (finding clear error where district court "failed to take sufficient precautions to avoid undue emphasis" of particular testimony), cert. denied, 115 S.Ct. 1147 (1995); United States v. Lujan, 936 F.2d 406, 411 (9th Cir.1991). In Hernandez, the jury requested the transcript of testimony by a particular witness. The district judge provided the jury with both direct and cross-examination testimony by that witness. However, the judge neither admonished the jury not to overemphasize particular evidence nor instructed the jury that the transcript was not authoritative. Hernandez, 27 F.3d at 1408-09.
 Similarly, the district judge here took no precaution against undue emphasis of the requested testimony. She did not remind the jury that it must weigh all the evidence. She did not caution the jurors to rely on their memories of the testimony rather than on the reread version.
 Moreover, providing both direct and cross-examination testimony is an important step to prevent undue emphasis. See id. at 1409; Nickell, 883 F.2d at 829. The district court had instructed the jury that the question whether or not Chino was a government agent was relevant to support or refute Ramirez's entrapment defense. The jury's note requested a readback of testimony by Sanchez, Jones, and Jerry about Chino. Officer Sanchez's cross-examination included references to Chino. The readback only of Sanchez's direct testimony may have unduly emphasized it. The district judge abused her discretion in refusing to have Sanchez's cross-examination read back and in failing to take any precautions to avoid undue emphasis of the read-back testimony.
 VI. CONCLUSION
 Because Ramirez was prejudiced by the improper joinder of the drug and firearms charges in the indictment and at trial, we reverse the conviction and remand the case to the district court for new trials on the severed charges. We do not address Ramirez's challenges to his sentence.
 REVERSED AND REMANDED.
 
 TROTT, Circuit Judge, dissenting:
 
 1
 I respectfully dissent. Because I see no prejudicial errors in the district court's rulings, I would affirm Ramirez's conviction.
 
 I. Joinder Under Rule 8(a)
 
 2
 The district court did not err by allowing Ramirez's drug charges to be joined with his weapons charges in the same indictment. This case is distinguishable from United States v. Terry, 911 F.2d 272 (9th Cir.1990). Unlike in Terry, the indictment states that the drug offenses occurred on the same date and in the same county. These allegations, on their face, are sufficient to "suggest that the offenses are ... part of the same transaction or parts of a common scheme." Id. at 276 (emphasis added).
 
 
 3
 Moreover, the evidence needed to prove the various charges in Ramirez's indictment overlaps. After negotiating with officers to purchase ephedrine, Ramirez immediately drove to his sister's apartment and returned with the purchase money. Within hours, officers searched Ramirez's sister's apartment, finding methamphetamine, drug paraphernalia, multiple guns, and large amounts of cash. All of the testimonial evidence surrounding the circumstances in which officers discovered the weapons and the drug paraphernalia overlaps.
 
 
 4
 In short, because officers found the cash, guns, and paraphernalia together, there is an evidentiary, as well as a logical, connection between the weapons charges and the drug charge. Terry itself distinguished cases concluding that gun and drug charges were properly joined on this ground. Id. at 276 n. 2 ("All the cases cited by the government in support either involve firearms found in defendants' possession at the time of their arrests, or guns and ammunition found during the same search or arrest which uncovered the drugs.") (citations omitted). Accordingly, joinder of these offenses was not improper.
 
 II. Motion to Sever under Rule 14
 
 5
 I also disagree with the majority's conclusion that the district court erred by refusing to sever the counts for trial. As the majority recognizes, the scope of our review is narrow; we may only reverse if we determine that a joint trial was "so manifestly prejudicial as to require the trial judge to exercise [her] discretion in but one way, by ordering a separate trial." United States v. Baker, 10 F.3d 1374, 1387 (9th Cir.1993) (internal quotation omitted).
 
 
 6
 Ramirez contends that joinder of the counts for trial prejudiced him because he wanted to testify on the drug charge to establish his entrapment defense, but he wanted to remain silent on the weapons charges. To justify severance on this ground, Ramirez would have to demonstrate that he has important testimony to give concerning the drug counts and a strong need to refrain from testifying on the weapons counts. United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir.1988).
 
 
 7
 Ramirez has failed to make this showing. Although he has argued that he has important testimony to give on the drug counts to establish his entrapment defense, Ramirez offers no reason why he has a strong need to refrain from testifying on the weapons counts. Thus, Ramirez has not shown that joinder prejudiced him by virtue of his desire to testify to some counts but not to others.
 
 
 8
 The majority also suggests that joinder prejudiced him because it allowed the prosecution to introduce evidence of his prior drug offenses (to prove the felon in possession of a firearm charge). The district court gave the jury a limiting instruction, telling them to consider this evidence for and only for limited, permissible purposes. Through this instruction, the court dispelled any potential prejudice to the defendant from joinder of the charges. See United States v. Nguyen, 88 F.3d 812, 817 (9th Cir.), cert. denied, 117 S.Ct. 443 (1996).
 
 
 9
 The evidence against Ramirez on both counts was overwhelming. He was arrested immediately after purchasing ephedrine from a police officer. Police found the guns shortly thereafter in Ramirez's suitcases in Mitchell's locked bedroom, surrounded by Ramirez's personal effects. In light of the evidence and the district court's limiting instruction, I cannot conclude that Ramirez was manifestly prejudiced by a joint trial. See United States v. VonWillie, 59 F.3d 922, 929 (9th Cir.1995) (holding that the defendant suffered no prejudice from a joint trial where the evidence of defendant's guilt on both counts was overwhelming and the district court took precautions to limit the potential prejudicial effects of joinder).
 
 
 10
 III. Admission of the Methamphetamine Evidence
 
 
 11
 The district court also did not err by admitting evidence that Ramirez possessed methamphetamine at the time of his arrest. Ramirez raised the issue of entrapment, and the government properly introduced the evidence to show Ramirez's predisposition to deal in methamphetamine. The defendant's possession occurred at exactly the same time as the deal to sell ephedrine and the possession of methamphetamine is similar to the crime charged (possession of a precursor to methamphetamine). Moreover, evidence of the defendant's possession was clear and convincing (it was found among his belongings in his sister's locked apartment). See United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994).
 
 
 12
 Our opinion in United States v. Vizcarra-Martinez, 66 F.3d 1006 (9th Cir.1995) is entirely distinguishable. In that case, evidence of the defendant's possession of a small amount of methamphetamine was introduced to prove the defendant "was aware that hydriotic acid could be transformed into methamphetamine through a complicated manufacturing process." Id. at 1014. The court held that the trial court abused its discretion in admitting the evidence because "there exists no logical connection between the knowledge that the defendant might have gained by using methamphetamine and the knowledge ... of the use to which the hydriodic acid in his possession would be put." Id.
 
 
 13
 Here, evidence of the defendant's possession of methamphetamine was not introduced to show he knew how to manufacture methamphetamine; it was introduced to show he was predisposed to possessing and dealing in methamphetamine. Moreover, this evidence was introduced only after Ramirez raised an entrapment defense. Unlike in Vizcarra-Martinez, there exists a logical connection between Ramirez's possession of methamphetamine and his predisposition to possess and deal in methamphetamine-related chemicals.
 
 
 14
 The majority escapes this conclusion only by describing the purpose of the evidence in this case and in Vizcarra-Martinez in overly-general terms. The majority states that, "[t]he government offered the methamphetamine to prove Ramirez's knowledge of the drug, the same purpose for which the prosecution offered the evidence in Vizcarra-Martinez." (Emphasis added). But, as discussed above, knowledge of how methamphetamine is manufactured is wholly different from predisposition to deal in methamphetamine-related chemicals. Saying that, in both cases, the government offered the evidence to prove "knowledge of the drug" is like saying that, in both cases, the government offered the evidence to prove the defendant is guilty.
 
 
 15
 When Ramirez raised his entrapment defense, he placed his predisposition to possess and deal in methamphetamine and related drugs at issue. Because of the entrapment defense, there was a logical connection between Ramirez's possession of methamphetamine and the ephedrine-possession charge. The district court did not abuse its discretion in admitting this evidence.
 
 IV. Testimony Readback
 
 16
 Finally, although I agree with the majority's conclusion that the district court erred by failing to read back the cross-examination of Officer Sanchez and by failing to admonish the jury not to overemphasize the read-back testimony, I would conclude that this error was harmless beyond a reasonable doubt. Ramirez has pointed to no aspect of the omitted cross-examination that is necessary to a fair reading of the direct testimony regarding "Chino." The omitted portion of cross-examination is only three pages long and clarifies two facts: 1) that Chino lives in a non-affluent area of San Bernadino and thus may have been motivated by money to facilitate this transaction; and 2) that Jerry knew Chino before Officer Sanchez, Jerry, and Chino talked about the ephedrine transaction. This testimony could not have influenced the jury's verdict, especially in light of the overwhelming evidence against Ramirez.
 
 V. Conclusion
 
 17
 In sum, the government's case against Ramirez was overwhelming. The district court took care to channel the jury's consideration of Ramirez's prior convictions and to ensure that Ramirez was not prejudiced by the joinder of his offenses for trial. Because I find no prejudicial errors in the district court's rulings, I would affirm Ramirez's conviction.
 
 
 
 *
 Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While we look only at the indictment itself in reaching this conclusion, we also note that Ramirez did not use or carry the weapons during the drug transaction and that the weapons were found after the drug transaction was completed and Ramirez was arrested, tightly wrapped in paper inside closed suitcases in a locked bedroom of Ramirez's sister's apartment
 
 
 [2]
 The district court's limiting instruction may have diminished the potential prejudice from admission of the methamphetamine. However, because we reverse on the joinder issue, we need not determine whether the instruction made it "more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." United States v. Hill, 953 F.2d 452, 458 (9th Cir.1991)