UNITED STATES of America,
Plaintiff–Appellee,

v.

Dung Manh NGUYEN, Defendant–
Appellant.

Nos. 95–50278, 95–50281.

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 1996.[1]

Decided July 9, 1996.

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. p. 34(a); 9th Cir.R. 34–4.

Wayne R. Young, Law Offices of Wayne R. Young, Santa Monica, California, for defendant-appellant.

Joel A. Thvedt, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

**2.** The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of

Before: GOODWIN and HAWKINS, Circuit Judges, and MARQUEZ,[2] District Judge.

MARQUEZ, District Judge:

Appellant Dung Manh Nguyen ("Nguyen") appeals his convictions after a consolidated jury trial on two indictments.

In CR 94–695–DT, Nguyen and two co-defendants were charged with conspiracy to transfer an unregistered shotgun, from which the serial number had been removed, and aiding and abetting the transfer of the shotgun, violations of 18 U.S.C. § 371 and 26 U.S.C. § 5861(d), (e) and (h). One co-defendant pleaded guilty and one was never arrested.

In CR 94–741–DT, Nguyen alone was charged with being a felon in possession of a firearm on October 21, 1993, a violation of 18 U.S.C. § 922(g).

On October 21, 1993, undercover agent Trinh and Nguyen met in a grocery store parking lot. The meeting was recorded on audio tape, and a portion of the meeting was recorded on video tape. During this meeting, Nguyen handed Agent Trinh the Bryco nine millimeter handgun, and Trinh examined it. Trinh read the serial number of the Bryco handgun, 601258, which was recorded on the audio tape. Agent Trinh did not purchase the Bryco handgun from Nguyen. The Bryco handgun was later recovered in San Francisco during the course of an unrelated investigation. The handgun was produced by the government just prior to trial.

During the course of the October 21, 1993 meeting, Agent Trinh and Nguyen also negotiated for the sale of shotguns. Eventually, Agent Trinh and Wong obtained a sawed-off shotgun from codefendants Cuong Ha and Tuan Tran.

On the government's motion, Nguyen was tried on both indictments together. In the firearm in possession charge, the district court denied Nguyen's motion to bifurcate the possession issue from the prior felony issue. At trial, Nguyen and the government

Arizona, sitting by designation.

stipulated to the previous felony. On March 14, 1995, the jury returned verdicts finding defendant guilty on all counts. After the jury verdicts, the district court denied Nguyen's motion to dismiss the felon in possession charge.

Nguyen raises six arguments on appeal: (1) the district court erred by consolidating the felon in possession case with the conspiracy case; (2) the district court erred by failing to bifurcate the possession of the gun issue from the prior felony issue; (3) the district court erred by allowing the government to introduce the handgun into evidence; (4) there was not sufficient evidence to establish that the handgun travelled in interstate commerce; (5) there was not sufficient evidence that Appellant possessed the handgun; and (6) *United States v. Lopez* invalidates the Appellant's conviction of being a felon in possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

### I

We review for abuse of discretion the district court's order that the two indictments be tried together. *United States v. Elliott,* 418 F.2d 219, 221 (9th Cir.1969); *United States v. Vasquez–Velasco,* 15 F.3d 833, 844 (9th Cir.1994).

This opinion is published to alert trial judges and prosecutors that the practice of consolidating "felon in possession charges" without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit, or, for that matter, by other Circuits.

Pursuant to Rule 13 of the Federal Rules of Criminal Procedure, "The court may order two or more indictments or informations or both to be tried together if the offenses ... could have been joined in a single indictment or information." Fed.R.Crim.P. 13.

The standard employed in joining two or more offenses in a single indictment provides:

Two or more offenses may be charged in the same indictment ... if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction ...

Fed.R.Crim.P. 8(a).

The district court found that the cases "all arise out of the same transaction or series of transactions .... but it all has to do with these—the sale of guns to this specific investigator." *See United States v. Portac, Inc.,* 869 F.2d 1288, 1294 (9th Cir.1989) (joinder proper when same facts are offered to prove each joined offense).

Nguyen contends that he was unduly prejudiced by the admission of the prior felony conviction in the conspiracy case. Nguyen points out that, had Nguyen been charged only in the conspiracy case, evidence regarding the prior conviction most likely would have been excluded pursuant to Fed.R.Evid. 404(b). The government was able to obtain by consolidation what it could not obtain if the cases had been tried separately: disclosure of the prior felony to the jury in the conspiracy case.

All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, i.e. convict the defendant because he is a "bad guy" or convict because "he committed a crime before and probably did this one too." Although no court has adopted a per se rule about how to handle this situation, each Circuit has taken the position that the trial court should do whatever is possible to minimize the chance of prejudice. As discussed below, various courts have used severance of the counts, bifurcation of the trial to separate the felon in possession count from the other counts, or stipulation to the prior felony so that the jury does not hear about the prior bad act.[3] It is

---

**3.** For example, the parties can stipulate that the prior conviction element of the felon in possession offense has been met and submit to the jury only the possession and interstate commerce elements.

an uncommon situation where, as occurred in this case, cautionary jury instructions alone have been considered a sufficient means of shielding the defendant from prejudice.

In *United States v. Lewis,* 787 F.2d 1318 (9th Cir.1986) *as amended by* 798 F.2d 1250 (9th Cir.1986), *cert. denied* 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989), the defendant was tried for being a felon in receipt of a firearm, conspiracy, bank larceny, and killing to avoid apprehension for bank larceny. The district court denied the defendant's motion to sever the firearm count from the other counts. On appeal, the defendant argued that he was unduly prejudiced by the joinder of the counts because it allowed the prosecution to tell the jury about his prior conviction via the firearm charge, whereas if the counts had been severed the prosecution would not have been able to introduce evidence of his prior conviction during the trial of the killing to avoid apprehension and larceny counts. The defendant argued that the introduction of his prior conviction affected the jury's deliberations on the bank larceny related charges.

We acknowledged that "there is a high risk of undue prejudice whenever, as in this case, joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *Id.* at 1322 (citation omitted). We emphasized that "[i]t is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts than it is to compartmentalize evidence against separate defendants joined for trial." *Id.* (citation omitted).

We found that the defendant was "manifestly prejudiced" and thus reversed the denial of the motion to sever. *Id.* at 1323. Although we highlighted the facts that the evidence on the non-felon in possession count was sparse and the prosecutor, in her opening statement, identified the defendant as a convicted felon, we were most concerned with whether jury instructions can sufficiently control what a jury considers. The instructions stated:

> Ladies and Gentlemen, I should inform the Jury that while [the stipulation to the prior

felony] is received, it's received and is relevant only as to Counts Three and Four [firearm counts]. And it's not received with relationship to or is to be considered by the Jury for any purpose other than Counts Three and Four. [The Court later instructed:] As you have noted, a separate crime is charged in each count of the indictment. Each offense and the evidence applicable thereto should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

*Id.* at 1323 n. 5. We also noted that we shared "the D.C. Circuit's skepticism of the efficacy of such instructions no matter when they are given. 'To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capabilities.'" *Id.* at 1323 (quoting *U.S. v. Daniels,* 770 F.2d 1111, 1118 (D.C.Cir.1985)). This Court also questioned whether those specific instructions "specifically impress[ed] upon the jury its duty to ignore prior convictions in determining guilt." *Lewis,* 787 F.2d at 1323.

In *United States v. Von Willie,* 59 F.3d 922 (9th Cir.1995), the defendant was tried and convicted of being a felon in possession of firearms and using a firearm in relation to a drug trafficking offense. The district court denied the defendant's motion to sever the firearm count from the drug trafficking count. After acknowledging its previous decision in *Lewis,* we affirmed the refusal to sever because VonWillie had failed to show the necessary prejudice. *Id.* at 930.

We first noted the overwhelming evidence of the defendant's guilt on both counts, in comparison to the sparse evidence of guilt in *Lewis. Id.* We also noted that the prosecution stipulated to the prior felony and the trial court gave limiting instructions to the jury both when the evidence was admitted and when charging the jury. *Id.* In sum, we have consistently relied upon two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in

possession charge with other, unrelated felon charges: the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice.

In *United States v. Jones,* 16 F.3d 487 (2d Cir.1994), the Second Circuit reversed the district court, finding that the defendant was prejudiced by the joinder of the possession of a firearm as a convicted felon with other counts. The Second Circuit was concerned with the inefficacy of the limiting instructions and held that the "presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." *Id.* at 493 (citing *Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 3109 n. 8, 97 L.Ed.2d 618 (1987)).[4]

In *United States v. Joshua,* 976 F.2d 844 (3d Cir.1992), the district court bifurcated the trial so that the jury would hear evidence and deliberate on the felon in possession count after it had heard evidence and deliberated on the other counts. The Third Circuit concluded that bifurcation of a trial "strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy ... [because] ... [t]he defendant's criminal past is not made known to the jury until after they reached a verdict with respect to the other charges." *Id.* at 848.

In *United States v. Dockery,* 955 F.2d 50 (D.C.Cir.1992), the D.C. Circuit reversed the district court's denial of a motion to sever because the joinder of the felon in possession count with other counts prejudiced the defendant. The D.C. Circuit determined that the trial court did not take advantage of the nonprejudicial alternatives available to it. *Id.* at 54–56.

In the case at bar, the district court addressed the potential problem of prejudice by giving the following instruction during the case:

The Defendant is charged in the second indictment, ... with being a felon in possession of a firearm. You have heard the evidence that the Defendant has previously been convicted of a felony. *You may consider that conviction only for the limited purpose of deciding whether Defendant has a prior felony conviction.*

In the first indictment, ... *you may not consider Defendant's prior conviction as evidence that he conspired to transfer the shotgun or aided and abetted the transfer of the shotgun.*

In the second indictment, ... *you may not consider Defendant's prior conviction as evidence that he possessed the firearm. You are forbidden to use this kind of evidence for that purpose—or for those purposes.*

(emphasis added).

It is evident that the district court realized the danger of undue prejudice and instructed the jury to only consider the prior felony conviction in deciding whether Nguyen had a prior felony conviction. In order to further avoid the danger of prejudice, the district court gave a very similar instruction after the attorneys' closing arguments. The jury instructions were also made available to the jury in booklet form if they so requested.

Although the district court provided the jury with limiting jury instructions, we remain skeptical "of the efficacy of such instructions no matter when they are given." *Lewis* at 1323. Nevertheless, considering the audio and video recordings of conversations between Nguyen and undercover officers discussing the sale of guns, the evidence of a conspiracy in this case is enough to negate any prejudice that may have been caused by the introduction of evidence of the prior felony. *See United States v. Von Willie,* 59 F.3d 922, 930 (9th Cir.1995). There is nothing in the record to indicate that the jurors did not adhere to the instructions

---

**4.** The Court observed that in the course of giving the limiting instruction the "judge reminded the jurors repeatedly that [the defendant] was a convicted felon as he simultaneously asked them to put this consideration out of their minds when [deliberating on the other unrelated counts]." *Jones* at 493.

provided by the court.[5]

■ Although severance or bifurcation is the preferred alternative, we conclude that the district court did not abuse its discretion by consolidating Nguyen's two cases and ordering that the two indictments be tried together.

## II

Nguyen argues that the district court erred when it did not allow his prior felony to be bifurcated from the issue of whether he possessed the Bryco handgun.

We review for abuse of discretion the district court's refusal to bifurcate the possession of the gun element from the prior conviction element. *United States v. Breitkreutz,* 8 F.3d 688, 690 (9th Cir.1993).

■ We have held that a district court cannot bifurcate a trial to separately consider whether a defendant was a felon and whether he possessed a gun because, "proof of the felony conviction is essential to the proof of the offense." *Id.* at 691 (quoting *United States v. Barker,* 1 F.3d 957, 959 (9th Cir. 1993)).

■ Although Nguyen is in agreement with the general rule, he argues that his case is the exception for two reasons. First, Nguyen argues that the introduction of the prior conviction prejudiced the conspiracy case. Second, Nguyen argues that it is a violation of the equal protection clause to forbid a criminal defendant, and not a civil litigant, from precluding the admission of evidence of prejudicial facts.

Nguyen has presented no evidence that the introduction of the prior conviction prejudiced the conspiracy case. Furthermore, as previously discussed, the jury was given a limiting instruction on the prior conviction on two separate occasions.

Nguyen has failed to show that he is a member of a suspect class or that there has been a violation of a fundamental right. *Plyler v. Doe,* 457 U.S. 202, 217, 102 S.Ct. 2382, 2395, 72 L.Ed.2d 786 (1982). There,

the rule prohibiting bifurcation of the possession of a gun element from the felon status element will be upheld upon a showing of "some fair relationship to a legitimate public purpose." *Id.* at 216, 102 S.Ct. at 2394. There are various legitimate reasons for not allowing bifurcation of the offense of being in possession of a firearm into separate proceedings. First of all, the "government would be precluded from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the essential elements of the crime charged." *United States v. Barker,* 1 F.3d 957, 959 n. 3 (9th Cir.1993) (footnote omitted). Secondly, "the district court's bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct." *Id.* Additionally, separate proceedings would put a strain on judicial economy and require additional resources for duplicative proceedings.

The district court did not abuse its discretion by denying Nguyen's motion to bifurcate the two issues.

## III

■ Nguyen argues that the district court abused its discretion when it allowed the government to introduce the Bryco handgun which Nguyen was alleged to have possessed.

■ We review for abuse of discretion the district court's admission of evidence. *United States v. Pappadopoulos,* 64 F.3d 522, 529 (9th Cir.1995).

Just prior to trial, the government disclosed for the first time that it had recovered a Bryco pistol in San Francisco on June 14, 1994, in another unrelated case. Agent Trinh did not learn of the discovery until three to four weeks before trial, and did not obtain physical possession of it until the day before trial. The government asserted that the handgun was the same handgun which Nguyen possessed on October 21, 1993.

---

**5.** Juries are presumed to follow their instructions. *Zafiro v. United States,* 506 U.S. 534, 540,

113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993).

Over the objection of Nguyen's counsel, the district court admitted the handgun into evidence.

Pursuant to Fed.R.Evid. 402, "All relevant evidence is admissible, except as otherwise provided by the Constitution...." Relevancy "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R.Evid. 401.

In the case at bar, the gun was direct evidence that the defendant possessed the Bryco handgun. The meeting between Nguyen and Agent Trinh was audiotaped and videotaped. Although the gun did not show up on the videotape, the audiotape indicates that the gun at the meeting and the gun recovered in San Francisco were the same. The audiotape revealed that the serial number on the handgun is the same serial number that is on the audiotape. The district court explained that "The fact that it's the same gun leads [sic] credence to the officer's statement because he memorialized the serial number at the time that the conversation between himself and Defendant took place."

The handgun was relevant evidence and should only have been excluded "[i]f its probative value is substantially outweighed by the danger of unfair prejudice ..." Fed. R.Evid. 403. Nguyen has not demonstrated any unfair prejudice by the introduction of the handgun, indeed, the district court clearly spelled out the probative value of the handgun and its introduction into evidence.

█ In the alternative, due to the last minute introduction of the handgun by the government, Nguyen moved for a continuance in order to investigate the facts relating to the recovery of the handgun.

█ The denial of a motion for a continuance is reviewed for abuse of discretion, *United States v. Marsh*, 894 F.2d 1035, 1039 (9th Cir.1989), *cert. denied* 493 U.S. 1083, 110 S.Ct. 1143, 107 L.Ed.2d 1048 (1990).

█ In considering whether the district court's denial of Nguyen's motion for a continuance was appropriate, we consider the following factors:

> (1) the extent of the defendant's diligence in readying the defense; (2) the likelihood that the continuance would have satisfied the defendant's need; (3) the inconvenience to the court, opposing party, and witnesses; and (4) the extent to which the defendant may have been harmed. In order to constitute reversible error, the defendant must show that the denial resulted in actual prejudice to his defense.

*United States v. Robertson*, 15 F.3d 862, 873 (9th Cir.1994) (citations omitted).

The district court explained that "The request by the Defendant is denied.... I'm not going to delay this case. This case has been pending trial for several weeks and the Defendant has had ample opportunity to prepare this case for trial." Nguyen's counsel never explained in particular what he was going to investigate. There is nothing in the record which indicates how a continuance would have helped Nguyen in any way nor how Nguyen was harmed by the denial of a continuance. During trial, Nguyen's counsel elicited the circumstances surrounding the gun's discovery, not the government. Nguyen has not shown the denial resulted in actual prejudice to his defense.

The district court did not abuse its discretion by admitting the handgun into evidence or by denying the defendant's request for a continuance in connection with the handgun.

## IV

█ Nguyen contends that there was insufficient evidence to support the contention that the Bryco handgun, which was the subject of the felon in possession charge, travelled in interstate commerce.

█ "[I]n reviewing sufficiency of the evidence claims, we review for 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Atkinson*, 990 F.2d 501, 502 (9th Cir.1993) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

The issue of whether a firearm travelled in interstate commerce is reviewed using this standard. *United States v. Coleman*, 22 F.3d 126, 131 (7th Cir.1994); *United States v. Jones*, 16 F.3d 487, 490 (2nd Cir.1994). In order to satisfy the element that the firearm had been, at some time, in interstate commerce, the government need only prove a minimal nexus between the gun and interstate commerce. *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir.1995).

In the case at bar, the jury heard Agent Sweetow testify that all Bryco firearms are made in California, and then they are shipped to their only wholesaler and distributor "which is Jennings Firearms and Jennings Firearms is located in Carson City, Nevada." In addition, Agent Sweetow testified that the records at Jennings Firearms in Nevada indicated that the gun in question had been shipped to Nevada and then returned to California. Agent Sweetow explained that he used the serial number of the gun, 601258, to conduct his investigation.

Viewing the testimony of Agent Sweetow in a light most favorable to the government, the jury could have found, beyond a reasonable doubt, that the Bryco handgun had at some time been in interstate commerce.

## V

█ Nguyen argues that there was insufficient evidence that he ever possessed the Bryco handgun.

Prior to the meeting with Nguyen, Agent Trinh spoke with him on the telephone. Nguyen stated that he had a Bryco nine millimeter handgun that he could show to Trinh. Agent Trinh testified that he saw Nguyen take the gun in question out from under his car seat, hand the gun to Trinh, and replace the gun under the seat. Agent Trinh testified that he read the serial number of the gun which is corroborated by the audiotape where Nguyen is heard reading the same serial number. Upon the Bryco being introduced into evidence, Agent Trinh identified it by the serial number, finish, and parts.

There is also testimony regarding events which occurred after the meeting of October 21, 1993. Agent Wong, testified that when he asked co-defendant Cuong Ha about the availability of the Bryco, Cuong Ha replied, "The same one like last time?"

Viewing the testimony of the agents in conjunction with the audiotape, in a light most favorable to the government, the jury could have found, beyond a reasonable doubt, that Nguyen possessed the Bryco handgun.

## VI

█ The district court denied Nguyen's motion to dismiss the felon in possession charge finding no merit to the argument that in light of *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), 18 U.S.C. § 922(g) violates the Commerce Clause. We review *de novo* the denial of a motion to dismiss based on a violation of the Commerce Clause. *United States v. Huss*, 7 F.3d 1444, 1446 (9th Cir.1993).

In *Lopez*, the Supreme Court invalidated 18 U.S.C. § 922(q) on the ground that Congress exceeded its authority under the Commerce Clause. *Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626.

█ In contrast to *Lopez*, we are dealing with 18 U.S.C. § 922(g) This Court, in *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995), specifically held that the jurisdictional requirement in § 922(g) was sufficient to establish the statute's constitutionality under the Commerce Clause analysis set forth in *Lopez*:

> We have read and considered, *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), holding 18 U.S.C. § 922(q) to be unconstitutional on Commerce Clause grounds, but it does not alter our analysis. The Supreme Court distinguished § 922(q) from 18 U.S.C. app. § 1202(a), the predecessor of § 922(g), stating '§ 922(q) contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce.' *Id.* at ——, 115 S.Ct at 1625. Section 922(g)'s requirement that the firearm have been, at some time, in interstate

commerce is sufficient to establish its constitutionality under the Commerce Clause.

*Hanna,* 55 F.3d at 1462 n. 2.

In the instant case, the prosecution proved beyond a reasonable doubt that the Bryco handgun had, at some time, been in interstate commerce.

The district court properly denied Nguyen's motion to dismiss.

AFFIRMED.