98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mickey Dean BEATY, Defendant-Appellant.
 No. 96-30030.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mickey Dean Beaty appeals his conviction, following his conditional guilty plea for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and an armed career criminal in violation of 18 U.S.C. § 924(e)(1). Beaty contends that: (1) section 922(g)(1) is unconstitutional under United States v. Lopez, 115 S.Ct. 1624 (1995) and (2) the district court should have dismissed his indictment because he received ineffective assistance of counsel during prior state court proceedings involving the same conduct. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Beaty first contends that district court erred by denying his motion to dismiss the section 922(g)(1) count because the fact that a firearm may have once traveled in interstate commerce is insufficient, as a matter of law, to establish the requisite nexus with interstate commerce with which to confer subject matter jurisdiction. Beaty acknowledges that this court rejected the claim that section 922(g)(1) exceeds Congress' authority under the Commerce Clause in United States v. Hanna, 55 F.3d 1456, 1461-62 & n. 2 (9th Cir.1995). Beaty asks us, however, to revisit the issue in light of our subsequent decision in United States v. Pappadopoulos, 64 F.3d 522, 527-28 (9th Cir.1995), which held that the fact that a residence received natural gas from out-of-state sources was insufficient to confer federal jurisdiction in a prosecution under 18 U.S.C. § 844(i) (arson of personal property used in interstate or foreign commerce). A panel of this court not sitting en banc lacks authority to overturn prior Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992). Moreover, this court has rejected the Commerce Clause challenge to section 922(g) in post-Pappadopoulos decisions. See United States v. Nguyen, 88 F.3d 812, 820-821 (9th Cir.1996); United States v. Polanco, 93 F.3d 555, 563 (1996).
 
 
 4
 Beaty next contends that there was insufficient evidence to establish the jurisdictional element of section 922(g)(1). Beaty waived this claim by pleading guilty to the charge. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (by pleading guilty, defendant admits all averments of fact in the indictment including those that form the predicate for federal jurisdiction).
 
 
 5
 Finally, Beaty contends that his federal indictment should have been dismissed because he was denied effective assistance of counsel in his prior state court proceedings. Specifically, he argues that if his state attorney had expeditiously pursued a guilty plea to the state charges arising out of the same conduct, no federal charges would have been brought. This claim fails because none of the events leading to the dismissal of Beaty's state charges triggered his right to counsel with regard to his federal prosecution. Cf. United States v. Martinez, 972 F.2d 1100, 1104-05 (9th Cir.1992) (affirming general rule that Sixth Amendment right to counsel is offense-specific and exploring narrow exceptions to rule in context of police interrogation).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Beaty's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3