110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio SANDOVAL-REYNOSO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edilberto FLORES-ALVARADO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Esteban RAMIREZ-REBOLLAR, Defendant-Appellant.
 Nos. 96-10095, 96-10096 and 96-10105.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided March 26, 1997.
 
 Before: SCHROEDER, ALARCON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Sandoval-Reynoso, Edilberto Flores-Alvorado, and Esteban Ramirez-Rebollar were each convicted as members of the same conspiracy to possess heroin with intent to distribute. Sandoval and Flores were also convicted of possession of heroin with intent to distribute.[1] All three appeal their convictions and their sentences. Because the parties are familiar with the relevant facts, we will not recite them here.
 
 
 3
 * Sandoval first claims that the district court erred when it did not permit him to testify about his entrapment defense, and when it refused to instruct the jury on his entrapment defense. The testimony during the trial indicated that Adolfo Ocampo was not a government agent. See United States v. Busby, 780 F.2d 804, 806-807 (9th Cir.1986). United States v. Fontenot, 14 F.3d 1364 (9th Cir.1994), does not compel a different conclusion. The district court did not abuse its discretion.
 
 II
 
 4
 The district court likewise did not abuse its discretion when it denied Sandoval's motion for a continuance. Considering our four-factor test in determining the propriety of such a ruling, we conclude that Sandoval failed to make the requisite showing required for a continuance. See United States v. Nguyen, 88 F.3d 812, 819 (9th Cir.1996).
 
 III
 
 5
 Sandoval's third argument posits that the district court erred when it enhanced Sandoval's sentence for possession of a weapon in furtherance of a drug offense pursuant to U.S.S.G. § 2D1.1(b)(1). We have defined "possession" under § 2D1.1 broadly. United States v. Pitts, 6 F.3d 1366, 1372 (9th Cir.1993). In United States v. Stewart, 926 F.2d 899 (9th Cir.1991), we upheld the application of § 2D1.1 to circumstances quite similar to this case. Like Stewart, Sandoval was convicted of conspiracy, which has no definitive physical location. Since some of the conduct to further the conspiracy occurred at his home, it was not clearly erroneous for the district court to conclude that Sandoval possessed the shotgun during the commission of the offense. It cannot be said that it is "clearly improbable that the weapon was connected with the offense."
 
 IV
 
 6
 Next, both Flores and Ramirez challenge the sufficiency of the evidence supporting their convictions. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.1996).
 
 
 7
 Flores does not dispute that a conspiracy existed, and the evidence regarding Flores' conduct is sufficient to support the jury's finding that he joined the conspiracy. United States v. Ramos-Rascon, 8 F.3d 704, 708-710 (9th Cir.1993), is not to the contrary; in this case, there was substantial evidence linking Flores to the conspiracy independent of his mere presence at the scene of the heroin sale. Likewise, there is sufficient evidence to affirm Flores' conviction for possession with intent to distribute; along with the other evidence against him, in his pocket he had the keys to car where the heroin was kept.
 
 
 8
 There is also sufficient evidence to affirm Ramirez's conviction for conspiracy. Ramirez had traveled a great distance, engaged in surveillance, and fled the scene. Moreover, he had previously been arrested for possession of a large quantity of heroin, which was packaged in the same manner as the heroin seized in this case.
 
 V
 
 9
 Flores contends that the district court erred when it applied a two-level enhancement to Flores' sentence under U.S.S.G. § 2D1.1 for possessing a firearm in connection with his offense. The district court's finding was not clearly erroneous. Flores did possess the weapon during the offense. See United States v. Heldberg, 907 F.2d 91, 92 (9th Cir.1990). It is not "clearly improbable" that Flores' gun was unconnected to the offense.
 
 VI
 
 10
 Ramirez contends that admission of evidence of his arrest for possession of heroin three months prior to his arrest in this case was error. We disagree. Federal Rule of Evidence 404(b) is a "rule of inclusion," and evidence of other acts is admissible "except where it tends to prove only criminal disposition." United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991) (citations omitted). The evidence of Ramirez's arrest satisfies our four-part test for Rule 404(b) issues. See id. We have upheld the admission of prior acts in similar cases. See United States v. Arambula-Ruiz, 987 F.2d 599 (9th Cir.1993). The district court did not err.
 
 
 11
 Ramirez also contends that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. The evidence was quite probative, however, and if there was any unfair prejudice, it was outweighed by the probative value of the evidence.
 
 VII
 
 12
 The conviction and sentence with regard to each appellant is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Flores was also convicted of avoidance of examination by immigration officers, but he does not appeal from that conviction