119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lamone JACKSON, Defendant-Appellant.
 No. 96-50263.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kevin Lamone Jackson appeals pro se his conviction by guilty plea for firearm possession by a felon in violation of 18 U.S.C. § 922(g). We affirm.
 
 
 3
 Jackson contends that the district court lacked jurisdiction to convict him because his firearm did not travel in interstate commerce. This contention is foreclosed by our decision in United States v. Hanna, 55 F.3d 1456 (9th Cir.1995), where we held that the Supreme Court decision United States v. Lopez, 514 U.S. 549 (1995) did not affect our prior holdings that section 922(g) is a constitutional exercise of Congress's commerce clause powers. Hanna, 55 F.3d at 1462 & n. 2. Jackson's citation to United States v. Pappadopoulos, 64 F.3d 522, 527-28 (9th Cir.1995) is unavailing because this court has rejected the Commerce Clause challenge to section 922(g) in post-Pappadopoulos decisions. See United States v. Polanco, 93 F.3d 555, 563 (1996); United States v. Nguyen, 88 F.3d 812, 820-821 (9th Cir.1996).[1]
 
 
 4
 Jackson also argues that there was insufficient evidence to establish the jurisdictional element of section 922(g)(1). Jackson waived this claim by pleading guilty to the charge. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (by pleading guilty, defendant admits all averments of fact in the indictment including those that form the predicate for federal jurisdiction).[2]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In Pappadopoulos, we held that the fact that a residence received natural gas from out-of-state sources was insufficient to confer federal jurisdiction in a prosecution under 18 U.S.C. § 844(i) (arson of personal property used in interstate or foreign commerce))
 
 
 [2]
 The government's motion to strike portions of Jackson's excerpts of record is denied