122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor CARRAFA, Defendant-Appellant.
 No. 95-10143.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 29, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CR-93-00233-GEB; Garland E. Burrell, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Frank Carrafa appeals his jury conviction and sentence for conspiracy to escape (18 U.S.C. §§ 371 and 751(a)), escape/ aiding and abetting (18 U.S.C. §§ 751(a) & 2), being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)), being a felon in possession of ammunition (18 U.S.C. § 922(g)(1), and attempted escape (18 U.S.C. § 751(a)). Pursuant to Anders v. California, 386 U.S. 738 (1967), Carrafa's counsel filed a brief stating he finds no meritorious issues for review, and a motion to withdraw as counsel of record.
 
 
 3
 Counsel identified the following issues: (1) whether the attempted escape charge was improperly joined under Federal Rule of Criminal Procedure 8(a) and (2) whether the count should have been severed on the grounds of prejudice under Federal Rule of Criminal Procedure 14.
 
 
 4
 This court reviews de novo a claim that charges were misjoined under Rule 8 and for abuse of discretion the trial court's decision not to sever the charges under Rule 14. See United States v. Smith, 795 F.2d 841, 850 (9th Cir.1986). Rule 8(a) provides for the joinder of two or more offenses if the offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected together or part of a common scheme or plan. Fed.R.Crim.P. 8(a); see also United States v. Kinslow, 860 F.2d 963, 966 (9th Cir.1988). "Rule 8(a) is to be interpreted broadly in favor of joinder." Kinslow, 860 F.2d at 966. "Rule 14 grants the district court discretion to sever claims if it appears that prejudice will result from their joinder." Id. "The test under Rule 14 is whether joinder is 'so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever.' " Id. at 966-67.
 
 
 5
 Here, count six of the superceding indictment, charging Carrafa with attempted escape from prison, was joined with four other counts arising from an incident in which he escaped from prison a year earlier. Carrafa's attempted escape charge was sufficiently similar to the charges arising out of his successful escape to justify joinder under Rule 8. See Kinslow, 860 F.2d at 966; see also United States v. Matta-Ballesteros, 71 F.3d 754, 771 (9th Cir.1995), cert. denied, 117 S.Ct. 965 (1997).
 
 
 6
 Nor did the district court abuse its discretion by failing to order a separate trial for the attempted escape charge. The four remaining charges involved Carrafa's escape from prison during which a prison deputy was shot and his gun and ammunition were taken by Carrafa and his accomplice; Carrafa was caught three days later. The attempted escape charge, on the other hand, occurred a year later and involved evidence that Carrafa, while incarcerated, had partially sawed through the bars of his cell. Given these facts, it cannot be said that the jury was unable to compartmentalize the evidence and judge each count separately. See Kinslow, 860 F.2d at 967. Furthermore, the district court properly noted that even if the attempted escape charge were tried separately, the prior escape charge would still be admissible for the limited purpose of showing intent and consciousness of guilt. Accordingly, Carrafa could not establish that joinder was "manifestly prejudicial." Smith, 795 F.2d at 850.[1]
 
 
 7
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issue for review. Accordingly, the motion of counsel to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent the district court denied Carrafa's additional request to sever the firearms counts, there was no abuse of discretion. The district court instructed that jury that Carrafa had stipulated to the prior conviction and gave additional limiting instructions to the jury. See United States v. Nguyen, 88 F.3d 812, 816-17 (9th Cir.), cert. denied, 117 S.Ct. 443 (1996). Moreover, the court noted the fact that Carrafa was charged with escape from prison necessarily informed the jury that he had previously committed a crime