UNITED STATES of America,
Plaintiff–Appellee,

v.

Cynthia Jane PAHL, aka Cindy
Pahl, Defendant–Appellant.

No. 00–30186.
D.C. No. CR–99–00121–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2001.[*]

Decided April 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WOOD, Jr.,** TROTT, and
PAEZ, Circuit Judges.

** The Honorable Harlington Wood, Jr., United    States Circuit Judge for the Seventh Circuit,

## MEMORANDUM ***

Cindy Pahl appeals from her conviction for passing a fictitious United States financial instrument on a theory of aiding and abetting liability. We have jurisdiction under 28 U.S.C. § 1291. Because the district court's decision to deny the defense's motion for a continuance on the first day of trial was not in error and because the conviction was supported by sufficient evidence, we affirm.

## A. SUFFICIENT EVIDENCE

■ Ms. Pahl first argues that there was insufficient evidence to support the verdict. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Both Ms. Pahl and the government agree on what the government's burden was at trial. To convict Mr. Moffet of passing a fictitious U .S. financial instrument, the sight draft, the government was required to prove:

(1) He presented or offered a false or fictitious instrument;

(2) The document appeared or purported to be an actual security or other financial instrument issued under the authority of the United States; and

(3) He did so with intent to defraud.

18 U.S.C. § 514 (2000). To convict Ms. Pahl on a theory of aiding and abetting liability, the government was required to prove:

(1) Mr. Moffet fraudulently passed a fictitious U.S. financial instrument;

(2) Ms. Pahl knowingly and intentionally aided, counseled, commanded, induced or procured Mr. Moffet to commit the offense; and

(3) Ms. Pahl acted before the crime was completed.

18 U.S.C. § 2 (2000). Ms. Pahl only argues that the government failed to prove that she knowingly and intentionally helped Mr. Moffet commit the crime. She does not contest that the government proved that Mr. Moffet committed the crime, or that she aided him by filling out the financing paperwork prior to his turning over the sight draft. The government contends that Ms. Pahl's statements to Agent Wood constituted an admission that she acted knowingly.

Considered in the light most favorable to the prosecution, Ms. Pahl's statement that "[s]he knew the sight draft was worthless and she was going to end up having to finance the vehicle through a conventional finance ..." constitutes a confession. The jury was able to consider both Agent Wood's testimony and Ms. Pahl's interpretation of her statement. The jury was not unreasonable in interpreting it as an admission that she knew, at the time of the purchase, that Mr. Moffet's sight draft was fraudulent. *Cf. United States v. Lopez–Alvarez*, 970 F.2d 583, 589 (9th Cir.1992) (explaining that a conviction will be upheld if the jury "could rationally choose the hypothesis that supports a finding of guilt rather than the hypotheses that are consistent with innocence").

■ Both Ms. Pahl and the government acknowledge that a confession alone cannot serve as the basis for a conviction. *United States v. Corona–Garcia*, 210 F.3d

sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

973, 978 (9th Cir.2000). But Ms. Pahl argues that the government failed to put forth evidence "tend[ing] to establish the trustworthiness of [her] statement." *Opper v. United States,* 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101 (1954).[1] The corroborating evidence need only show that the statements were generally trustworthy; it need not demonstrate specifically that Ms. Pahl knowingly aided Mr. Moffet in the commission of the crime. *Cf. United States v. Von Stoll,* 726 F.2d 584, 587 (9th Cir.1984) ("The lack of corroboration for the specific element that Von Stoll induced Chester to travel to Sacramento does not invalidate the conviction ... because the government produced sufficient evidence to support the truth of the confessions as a whole.").

Agent Wood testified, during cross-examination by Ms. Pahl, that "your exact words to me were that ['H]e wanted to try this experiment to see if it would work[,'] and you said, ['A]nd I knew it wasn't going to work, I knew I was going to have to end up paying for those cars by financing them.[']" Tr. 214, ER 36. That is, in fact, exactly what happened. Mr. Moffet tried to pay with the sight draft, even giving the dealership instructions on processing it. But the bank rejected the fictitious instrument, and the dealer called Ms. Pahl to have her pay for the cars. In this way, the government did corroborate the substance of the statements. Furthermore, Ms. Pahl has not suggested that her statements were in any way coerced or otherwise involuntary. Therefore, the government can rely on the statements to support the conviction.

## B. CONTINUANCE

■■■ Ms. Pahl also argues that the district court erred in denying her motion for a continuance on the first day of trial. The district court's decision to deny a motion for a continuance is reviewed for an abuse of discretion. *United States v. Garrett,* 179 F.3d 1143, 1144–45 (9th Cir.) (en banc), *cert. denied,* 528 U.S. 978, 120 S.Ct. 429, 145 L.Ed.2d 335 (1999). "To reverse a trial court's denial of a continuance, an appellant must show that the denial prejudiced [the] defense." *United States v. Gonzalez–Rincon,* 36 F.3d 859, 865 (9th Cir.1994) (quotation omitted).

Mr. Moffet did not explain, at the time of the motion for a continuance, what the new witness and documents would add to the defense strategy. Ms. Pahl suggests that the failure to establish prejudice at trial should be treated with leniency because she was proceeding pro se. However, as the government correctly points out, a pro se litigant is subject to the same "relevant rules of procedural and substantive law" as a licensed attorney. *Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Furthermore, Ms. Pahl now has counsel. Her brief fails to identify with any specificity what prejudice she suffered as a result of the denial of the requested continuance. However, we have repeatedly explained that to show an abuse of discretion, the defendant must show the alleged prejudice with specificity. *See, e.g., United States v. Nguyen,* 88 F.3d 812, 819 (9th Cir.1996) ("Nguyen's counsel never explained in particular what he was going to investigate.").

Because Ms. Pahl has not filled in the gaps left in Mr. Moffet's motion by explaining what the witness or documents

---

1. The government must also prove "the existence of the injury that forms the core of the offense and a link to a criminal actor ... with tangible evidence." *Lopez–Alvarez,* 970 F.2d at 591. As noted above, Ms. Pahl does not contest that Mr. Moffet committed the crime or that she aided him prior to his commission of the crime. Therefore, there is no need to consider whether this requirement is met.

would have offered, the district court's denial of the motion for a continuance was not in error.

AFFIRMED.