**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernesto Manuel VALENZUELA,**
**Defendant–Appellant.**

No. 00–50653.

D.C. No. CR–00–00465–L.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2001.

Decided Oct. 17, 2001.

neither misleading nor inadequate. *United States v. Spillone,* 879 F.2d 514, 525 (9th Cir.1989), *cert. denied,* 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990).[2]

2. The two counts of robbery were properly joined under Fed.R.Crim.P. 8(a) due to the similar nature of the alleged crimes. *United States v. Friedman,* 445 F.2d 1076, 1082 (9th Cir.1971), *cert. denied,* 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971).

3. The district court's refusal to sever the counts was not error as Valenzuela failed to demonstrate any manifest prejudice resulting from the combined trial. *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir.1987).

4. The district court did not abuse its discretion in admitting photographs, videotape and other documents. *United States v. Nguyen,* 88 F.3d 812, 818 (1996), *cert. denied,* 519 U.S. 986, 117 S.Ct. 443, 136 L.Ed.2d 339 (1996). This evidence was relevant and its probative value was not substantially outweighed by its prejudicial effect.

5. The district court also did not abuse its discretion when it excluded evidence of the arrest, investigation and charge of a third party in one of the robberies for which Valenzuela was convicted. *United States v. Perkins,* 937 F.2d 1397, 1400 (9th Cir.1991). There was no substantial evidence connecting the third party with the actual commission of the offense. *Walters v. McCormick,* 122 F.3d 1172, 1177 (9th Cir.1997), *cert. denied,* 523 U.S. 1060, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998). Moreover, Valenzuela was still permitted to impeach eyewitness testimo-

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM[1]

Ernesto Valenzuela appeals his jury conviction for two violations of 18 U.S.C. § 2113(a); bank robbery and attempted bank robbery. We affirm.

1. The district court did not err in instructing the jury on the intimidation element of the robbery charges because, taken as a whole, the instructions were

**2.** Even though it does comport with Ninth Circuit law and is not reversible error, we do not approve or endorse the factor language used in the intimidation instruction.

ny with the witnesses' prior misidentification of a third party, and Valenzuela was not precluded from calling witnesses in an effort to establish that the crime was committed by a third party.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawai'i, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.