**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kao Chieo SAETEURN, Defendant—Appellant.**

No. 02–30125.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Aug. 28, 2003.

Demetra Lambros, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Steven L. Lane, Esq., U.S. Department of Justice Criminal Division, Washington, DC, for Plaintiff-Appellee.

Mary C. Geddes, Esq., Anchorage, AK, for Defendant-Appellant.

Before: PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Kao Chieo Saeteurn appeals from his conviction, after a jury trial, on two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Saeteurn alleges that he suffered manifest prejudice from the district court's decision to try the cocaine charges along with a separate charge for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Fed.R.Crim.P. 14 (providing that "the court may order an election or separate trials of counts" if "it appears that a defendant ... is prejudiced by joinder of offenses"). Saeteurn also alleges that the district court made a plain error in permitting testimony from Saeteurn's girlfriend, Elis Martinez, because it was propensity evidence prohibited by Fed.R.Evid. 404(b).

Saeteurn cannot demonstrate that he suffered "clear, manifest, or undue prejudice" from the district court's refusal to sever the felon-in-possession count from the drug distribution counts. *United States v. VonWillie,* 59 F.3d 922, 930 (9th Cir.1995). First, the evidence supporting the convictions is "overwhelming." *Id.* Saeteurn sold cocaine to the confidential informant while under surveillance by police officers, who had ample opportunity to observe him at close range, and one officer sat on the seat next to Saeteurn during the second controlled buy. All of the officers identified Saeteurn as "T." Law enforcement also made audio recordings of the transactions, which were played to the jury. This evidence was "enough to negate any prejudice that may have been caused by the introduction of the evidence of the prior felony." *United States v. Nguyen,* 88 F.3d 812, 817 (9th Cir.1996).

Second, the court "took extensive precautions to guard against undue prejudice"

of this circuit except as provided by Ninth Circuit Rule 36–3.

from the juror's knowledge of Saeteurn's prior felony conviction. *VonWillie,* 59 F.3d at 930. The court gave appropriate limiting instructions, both during voir dire and at the close of the trial. *See United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999) (concluding that instructions during voir dire help guard against prejudice). The government agreed to stipulate to the fact of the conviction, so the jury heard no evidence concerning the nature of the prior felony. *See VonWillie,* 59 F.3d at 930.

■ The overwhelming evidence supporting the convictions also forecloses Saeteurn's claim that the admission of testimony by Elis Martinez was clear error. Even if her testimony presented "bad acts" evidence prohibited by Fed.R.Evid. 404(b), its admission did not affect "substantial rights" because Saeteurn cannot demonstrate that this testimony affected the outcome of the trial. *United States v. Bracy,* 67 F.3d 1421, 1433 (9th Cir.1995).

**AFFIRMED.**