**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Donald D. JONES, Defendant—
Appellant.**

No. 04–10181.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2005.

Decided Feb. 14, 2005.

Before: BRIGHT,* TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Donald Jones appeals from his conviction for possessing cocaine with intent to distribute, and possessing a firearm after being convicted of a felony. Jones contends that the district court erred by: (1) denying his motion to suppress evidence seized from his vehicle; (2) preventing him from cross-examining police officer-witnesses regarding the conduct underlying unsustained citizen complaints against them; (3) denying his motion to sever the two counts against him for trial and instead bifurcating the proceedings; and (4) admitting testimony by police officers that a box of ammunition found in his closet was missing sixteen rounds. We affirm the district court in all respects.

■ Jones first argues that the district court should have granted his motion to suppress the evidence found in one of his vehicles because officers did not have reasonable suspicion to search the vehicles. We review the denial of a motion to suppress de novo and the underlying factual findings for clear error. *United States v. Fernandez*, 388 F.3d 1199, 1234 (9th Cir. 2004).

The district court determined that earlier legal searches of Jones' person and apartment gave rise to the reasonable suspicion needed to carry out a warrantless probation search of Jones' vehicles. Earlier searches had turned up marijuana, cocaine base, and ammunition. The district

court correctly concluded that the drugs and ammunition found on Jones' person and in his closet gave rise to a reasonable suspicion that other areas under his control might contain contraband. This is particularly true in light of the fact that officers searching Jones' closet found a box of ammunition, with 16 rounds missing, and no accompanying firearm. The district court thus properly denied Jones' motion to suppress the firearm seized from one of his vehicles. *See United States v. Giannetta*, 909 F.2d 571, 577 (1st Cir.1990) (concluding that discovery of evidence of criminal activity early in a search created reasonable suspicion that justified expanding the scope of a warrantless search of probationer's residence).

■ Jones next challenges limitations placed on his cross-examination of testifying police officers. He contends that the district court violated his rights under the Confrontation Clause by precluding inquiry into events underlying unsustained citizen complaints against testifying officers. We review de novo whether a restriction on cross-examination violates a defendant's Sixth Amendment right to confront a witness. *United States v. Wilmore*, 381 F.3d 868, 871 (9th Cir.2004). We review for abuse of discretion, however, a decision to limit the scope of cross-examination, finding a Confrontation Clause violation "only if the trial court's ruling limits relevant testimony, prejudices the defendant and denies the jury sufficient information to appraise the biases and motivations of the witness." *United States v. Lo*, 231 F.3d 471, 482 (9th Cir.2000) (quoting *United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir.1999)) (internal quotation marks and ellipses omitted); *see also United States v. Rodriguez–Rodriguez*, 393 F.3d

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Circuit Rule 36–3.

849, 855 (9th Cir.2005) (stating that "[t]his circuit has analyzed the issue of whether cross-examination infringes upon a defendant's confrontation rights under both abuse of discretion and de novo standards" and observing that "[b]oth lines of cases provide that a limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant").

Cross-examination regarding conduct underlying citizen complaints about illegal searches by testifying officers would elicit relevant testimony because such conduct bears on the officers' credibility in that the complaints presumably accuse the officers of lying about the legality of their conduct. See Fed.R.Evid. 608(b) (allowing, in the discretion of the court, inquiry on cross-examination into specific instances of conduct probative of truthfulness). The excluded testimony is thus relevant and admissible. The district court could have properly excluded it under Federal Rule of Evidence 403, however, concluding that its probative value was substantially outweighed by the risk of unfair prejudice due to the inherently unreliable nature of unsustained complaints and the danger of confusing the issues and wasting time with mini-trials regarding the events underlying different complaints. See Fed.R.Evid. 403; United States v. Leake, 642 F.2d 715, 718 (4th Cir.1981) (recognizing that Rule 608(b) prior bad acts evidence admissible as probative of truthfulness is subject to Rule 403 balancing).

In order to show a Confrontation Clause violation, Jones must establish that the district court's exclusion of this relevant testimony prejudiced him. See Rodriguez–Rodriguez, 393 F.3d 849, 855. Jones argues that the officers' credibility was central to the outcome of his case, noting that Lashawn Mosby testified at trial that Mosby placed a backpack containing crack cocaine in Jones' closet on the morning of the search. Thus, according to Jones, "whether the cocaine recovered by the officers from the closet was in the backpack, as Mr. Mosby testified, or on the shelf, as the officers claimed" was a key issue in the case.

The government counters that the officers' testimony was corroborated by circumstantial and physical evidence. Such evidence includes: (1) testimony by Hudson that Jones told her he had "relapsed"; (2) the fact that only Hudson and Jones had keys to the locked closet; and (3) Jones' admissions regarding his ownership of the ammunition found next to the cocaine in the closet.

Jones implies that the jury likely would have found Mosby credible if Jones had been allowed to impeach the officers' testimony with information underlying the unsustained complaints. Even assuming the jury would have given some weight to excluded testimony, however, the jury had several independent grounds on which to find Mosby's testimony not credible. Mosby testified that: (1) he was the brother of Hudson, Jones's common law wife, and that he stayed overnight in Hudson and Jones's apartment two or three times a week; (2) he spent his nights wherever he could; (3) he sold crack cocaine for a living at the time of Jones's arrest and that he still made his living buying and selling cocaine at the time of trial; and (4) he generally did not go into the locked bedroom belonging to Hudson and Jones, but that the morning before the search Jones allowed him to put his backpack in their closet to prevent his nephew (Hudson's teenage son) from rummaging through it.

The jury could easily have found Mosby's testimony implausible because of his relationship to Hudson and Jones, his dependence on them for a place to stay, and his admitted illegal activities. In addition, the officers' accounts of events were consistent with each other and with the physi-

cal evidence. Jones' contention that if the jury heard the unsustained-complaint evidence, it would have accepted Mosby's assertion that the rock cocaine found in Jones' closet was in a backpack instead of on the shelf, as the officers testified, fails to provide a plausible reason why the officers would have lied about the location of the cocaine when they were not aware during the search that a backpack allegedly belonging to someone else was in Jones' locked closet.

Exclusion of unsustained complaints testimony did not prejudice Jones because the evidence was unreliable and unlikely to influence the jury's credibility determinations in light of the strong evidence against Jones. We therefore conclude that the district court's evidentiary ruling limiting the scope of cross-examination did not violate Jones' Confrontation Clause rights.

■ Jones next argues that the district court violated his Sixth Amendment right to an impartial jury by denying his motion to sever the possession of cocaine with intent to distribute charge from the felon in possession of a firearm charge, and instead bifurcating the proceedings. We review a district court's denial of a motion to sever for abuse of discretion. *United States v. Vargas–Castillo*, 329 F.3d 715, 722 (9th Cir.2003). A district court has wide discretion in ruling on a motion for severance or bifurcation. *United States v. Matus–Leva*, 311 F.3d 1214, 1217 (9th Cir. 2002).

As Jones concedes, the district court's bifurcation order comports with this court's decision in *United States v. Nguyen*, 88 F.3d 812 (9th Cir.1996). In *Nguyen*, we concluded that the district court had not abused its discretion in allowing a felon in possession count to be tried with other charges in light of the overwhelming evidence of the defendant's guilt and the limiting instructions given to the jury. *Id.* at 816. We noted that "we have consis-

tently relied upon two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in possession charge with other, unrelated felon charges: the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice." *Id.* at 816–17. We then went on to observe that "severance or bifurcation is the preferred alternative" to protect a defendant from the prejudice that can result from trying a felon in possession charge with other unrelated felony charges. *Id.* at 818.

Under *Nguyen*, the district court properly safeguarded Jones' right to an impartial jury by bifurcating the counts (with the felon in possession charge being tried after the cocaine possession charge), excluding evidence of the firearm from the drug possession trial, excluding evidence of the cocaine from the firearm trial, and giving appropriate limiting instructions. We conclude that the district court did not abuse its discretion in denying Jones' motion to sever, and instead in bifurcating the proceedings.

■ Finally, Jones contends that the district court should have excluded testimony regarding the fact that one of the boxes of ammunition found in his closet was missing 16 rounds. We review for abuse of discretion the district court's determination that the evidence was admissible under Federal Rule of Evidence 403. *See United States v. Montgomery*, 384 F.3d 1050, 1061 (9th Cir.2004).

The government argues that the district court properly admitted the ammunition evidence, but Jones does not challenge admission of the boxes of ammunition. Jones challenges only the admission of the officers' testimony regarding the fact that rounds were missing from one of the boxes. In light of his concession that the district court properly admitted the box of ammunition, with 16 rounds missing,

Jones' argument that the officers should not have been allowed to testify to that fact is perplexing. It is difficult to conceive of how such testimony could be unduly prejudicial under such circumstances. The district court did not abuse its discretion by admitting the testimony.

The district court properly: (1) denied Jones' motion to suppress the firearm seized from his vehicle; (2) precluded cross-examination of testifying police officers about conduct underlying unsustained citizen complaints against them; (3) denied the motion to sever, and instead bifurcated the proceedings; and (4) admitted the officers' testimony regarding a box of ammunition found in Jones' closet that was missing 16 rounds. Accordingly, the district court's judgment is

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.