**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30024 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00002-SLG-1 |
| v. | |
| JACQUES LISBEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 4, 2021**
Anchorage, Alaska

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Jacques Lisbey appeals his conviction for being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). Lisbey argues that § 922(g)(1)

exceeds the scope of Congress's Commerce Clause authority both on its face and

as applied to him. Although he acknowledges that we have previously rejected

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

similar challenges, he invites us to overrule this authority in light of the Supreme Court's intervening decisions in *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), and *Bond v. United States*, 572 U.S. 844 (2014). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We have repeatedly held that § 922(g)(1) is a constitutional exercise of Congress's Commerce Clause authority. *See United States v Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995); *United States v. Nguyen*, 88 F.3d 812, 820–21 (9th Cir. 1996); *United States v. Latu*, 479 F.3d 1153, 1156–57 (9th Cir. 2007). Moreover, the statute is not unconstitutional as applied to Lisbey. At his plea colloquy, Lisbey agreed to the government's recitation of the facts, which included the fact the firearm he possessed "had been manufactured in another state and had to have traveled in interstate commerce to arrive in Alaska."

We decline Lisbey's invitation to overrule this line of precedent in light of *Sebelius* and *Bond*. *See Sebelius*, 567 U.S. at 551–55, 649–50 (five justices agreeing that the Commerce Clause gives Congress the authority only to regulate commerce, not to compel it); *Bond*, 572 U.S. at 860 (holding that the Chemical Weapons Convention Implementation Act of 1998 did not reach "purely local crimes" absent a "clear indication" of Congressional intent). Our caselaw addressing Congress's Commerce Clause authority as it pertains to § 922(g)(1) is not "clearly irreconcilable" with these decisions. *Miller v. Gammie*, 335 F.3d 889,

2

893 (9th Cir. 2003) (en banc).

**AFFIRMED.**