UNITED STATES of America,
Plaintiff-Appellee,

v.

Gregory LEWIS, Defendant-Appellant.

No. 85–5045.

United States Court of Appeals,
Ninth Circuit.

Sept. 2, 1986.

Before FLETCHER, PREGERSON, and CANBY, Circuit Judges.

## ORDER

The opinion published at 787 F.2d 1318 (9th Cir.1986) is amended as follows:

On page 1322, first column, second paragraph, the second sentence, "We agree that a *per se* rule is inappropriate but recognize that the danger that the jury's perception of the defendant will be adversely affected by the evidence of the prior crimes is so strong as to create a presumption favoring severance." is deleted and replaced with,

We agree that a *per se* rule is inappropriate but recognize that there is "a high risk of undue prejudice whenever, as in this case, joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *Daniels*, 770 F.2d at 1116. [*U.S. v. Daniels*, 770 F.2d 1111 (D.C.Cir.1985)].

On page 1323, column two at the end of the partial paragraph at the top of the page that ends "... killing charge." just before Part III, add a new footnote 6:

In its petition for rehearing, the government claims for the first time that Lewis waived the severance issue by failing to renew his motion to sever at the close of the evidence. Because the government failed to raise this question in its brief or at oral argument, we decline to address it.

Renumber remaining footnotes accordingly.

The petition for rehearing and rehearing en banc has been circulated to the full court along with panel's proposed amendments herein contained. No member of the court has called for an en banc vote. The panel has voted to deny the request for rehearing. The petition for rehearing and rehearing en banc is denied.