UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory G. LEWIS,
Defendant–Appellant.

No. 87–5012.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 1988.

Decided Dec. 1, 1988.

Donald W. Beacham, Palmdale, Cal., for defendant-appellant.

Nora M. Manella, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before NELSON, REINHARDT and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

On remand from this court for resentencing, *see United States v. Lewis*, 787 F.2d 1318 (9th Cir.), *amended*, 798 F.2d 1250 (9th Cir.1986) (*"Lewis I"*), the district court sentenced Lewis to twenty-five years imprisonment for armed bank larceny and ordered such sentence to run consecutively with three concurrent sentences previously imposed for other convictions. Lewis contends the district judge lacked authority to impose such sentence and we agree in part.

## FACTS AND PROCEEDINGS

In October 1983, Lewis and three others robbed the Family Savings and Loan in Los Angeles. The robbers left the bank in a van the owner of which was later discovered shot to death.

After investigation, the police uncovered an inside accomplice who named Lewis as one of the bank robbers. The government charged Lewis with four counts: (1) conspiracy; (2) three charges under 18 U.S.C. § 2113—armed bank larceny, 18 U.S.C. § 2113(b) (taking with intent to steal money exceeding $100) and (d) (committing theft by assault or putting the life of any person in jeopardy by use of a dangerous weapon) and killing in an attempt to avoid apprehension for the bank larceny, 18 U.S.C. § 2113(e); and (3)–(4) two counts of being an ex-felon in possession of a gun. A jury convicted Lewis on all counts. The district court sentenced Lewis to life imprisonment on count two, and to five year terms on each of the other counts. All terms were to run concurrently.

In *Lewis I*, we affirmed the convictions on counts one, three, four, and the bank larceny convictions under count two. However, we reversed the conviction on the section 2113(e) killing charge portion of count two because we found that the failure to sever it from counts three and four

created impermissible prejudice. *Lewis*, 787 F.2d at 1323. We remanded for retrial. *Id.* at 1325.

On remand, the government moved to dismiss the section 2113(e) charge and the district court granted the motion. Thus, all that remained of count two were the armed larceny convictions under sections 2113(b) and (d), as to which no separate sentence had previously been imposed. The district court imposed a sentence of twenty-five years imprisonment, and ordered it to run consecutively to the concurrent sentences imposed on counts one, three, and four. Lewis has filed a timely appeal.

## DISCUSSION

### 1. *Evidence at Resentencing*

■ Lewis contends that the district court improperly considered testimony on the killing charge in determining his sentence on the bank larceny convictions. We disagree. The trial judge has broad latitude in sentencing and may properly take into account evidence from a wide variety of sources. *See United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Farrow v. United States*, 580 F.2d 1339, 1345 n. 2 (9th Cir. 1978). A sentencing judge may consider evidence of counts for which an indictment has been dismissed by the government. *See United States v. Marines*, 535 F.2d 552, 554 (10th Cir.1976). In this case no due process concerns limit the range of permissible sentencing considerations. Therefore, the imposition of a twenty-five year term was proper.

### 2. *Authority to Impose Consecutive Rather Than Concurrent Sentence*

Lewis argues that the district court could not change the sentence for armed bank larceny on count two from a term that runs concurrently with the sentences on other counts to one that runs consecutively to them.

"[A] district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate

under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35." *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir.1988) (citation omitted). Neither of these bases gives the district court power to impose a sentence for armed larceny that runs consecutively rather than concurrently with the sentences on the other counts.

■ The *Lewis I* mandate reads: "We reverse the killing conviction because of prejudice caused by the failure to sever, and remand for a new trial on the § 2113(e) charge. We affirm the convictions for conspiracy, bank larceny, and receipt of firearms." *Lewis I*, 787 F.2d at 1325 (footnote omitted). This mandate afforded the district court the authority to resentence only on the bank larceny convictions under count two. It did not empower the district court to alter the sentences imposed on the other counts. An important element of the original sentences on counts one, three, and four was the district court's determination that any time served on these sentences would simultaneously be counted towards the completion of the sentence on count two. In altering the sentence on count two to run consecutively to the terms of imprisonment under the other counts, the district court implicitly altered Lewis's sentence on counts one, three, and four. The *Lewis I* mandate did not grant the district court authority to impose a sentence on count two that ran consecutively to the sentences on counts one, three, and four.

■ Nor can authority to resentence in this manner be derived from Rule 35. Under Rule 35, the district court can "correct an illegal sentence at any time." Fed.R. Crim.P. 35(a). However, "[t]his authority to vacate and amend a sentence 'at any time' extends only to the illegal portion of the sentence, and does not empower the district court to reach legal sentences previously imposed." *Minor*, 846 F.2d at 1188. The court did not have the power to alter the previously imposed legal sentences on counts one, three, and four.

We find that the government's attempts to distinguish *Minor* unpersuasive. The government's argument that the district

court did not resentence on counts one, three, and four is incorrect. In addition, the government misconstrues the issue when it treats this case as a double jeopardy matter. The issue in the case before us, as in *Minor*, is whether the district court had authority to resentence the defendant on particular counts, not whether the resentencing violated the double jeopardy clause. *See Minor*, 846 F.2d at 1190 n. 6.

■ Finally, the government seems to suggest that the district court could resentence on all counts in order to effect its original sentencing plan. However, *Minor* rejects such an argument. In *Minor*, the court suggested that the Seventh Circuit erred in *United States v. Shue*, 825 F.2d 1111, 1113 (7th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987). The *Shue* court apparently held that the district court had inherent power to resentence "in order to effectuate the original sentencing intent." *Minor*, 846 F.2d at 1189 n. 5 (quoting *Shue*, 825 F.2d at 1113). The clear implication of *Minor* is that district courts have no such inherent power in this circuit.

## CONCLUSION

The district court lacked authority to make the sentence on count two consecutive to the sentences on the other counts and therefore the sentence must be vacated. We remand to the district court with instructions to resentence on the armed bank larceny convictions portion of count two in a manner consistent with this opinion.

REVERSED and REMANDED with instructions.