935 F.2d 277
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne Bernard PARKER, a/k/a "Poochie", Defendant-Appellant.
 No. 90-30431.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1991.*
Decided June 13, 1991.
 Before EUGENE A. WRIGHT, FARRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwayne Bernard Parker appeals his 88-month prison sentence imposed by the district court after he pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Parker contends the Sentencing Guidelines unconstitutionally required the sentencing judge to take into consideration conduct not the subject of any criminal conviction. We affirm.
 
 THE SENTENCE
 
 3
 When a felon in possession of a firearm uses that firearm in connection with another offense, the Guidelines require the court to apply the Guideline section applicable to the other offense. See Sec. 2K2.1(c)(2); Sec. 2X1.1(c)(1). A preponderance of the evidence before the district court showed that Parker pistol-whipped two people with one of the firearms he unlawfully possessed. The district court therefore applied section 2A2.2, and ultimately reached an offense level of 21. When combined with Parker's criminal history rating of VI, this resulted in a Guideline range of 77-96 months.
 
 
 4
 The Guideline applicable to mere possession of a firearm, when combined with Parker's criminal history rating, would have resulted in a Guideline range of 24-30 months. The district court imposed a sentence of 88 months in prison, 3 years probation, a fine of $7,500 and a crime victim fund assessment of $50.
 
 ANALYSIS
 
 5
 Parker's primary argument is that the use of the aggravated assault Guideline to calculate his sentence violated his due process rights because he was not convicted of aggravated assault. This argument has been rejected before, and we do so again here.
 
 
 6
 Even before the Guidelines were adopted, district courts could take into account information regarding behavior for which the defendant had not been convicted. See United States v. Tucker, 404 U.S. 443, 446 (1972) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."); United States v. Lewis, 862 F.2d 748, 750 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989). The mere fact that the Guidelines now limit the discretion of a district court to ignore such information does not change the analysis for due process purposes. United States v. Restrepo, 903 F.2d 648, 653 (9th Cir.1990), reh'g granted en banc, 912 F.2d 1568 (1990).
 
 
 7
 Parker also argues that the government must prove beyond a reasonable doubt the existence of the underlying offense. Where conduct that has not resulted in a conviction forms the basis for an enhancement in sentence, however, the conduct need only be proven by a preponderance of the evidence. McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986); Restrepo, 903 F.2d at 654. Parker does not dispute that the government satisfied that standard here.
 
 
 8
 Parker's other arguments are similarly unpersuasive. His fifth amendment rights were not violated when his sentence was imposed. In addition, the plea agreement states only that the government will bring no other charges against him. It expressly disavows any promises as to sentencing, and includes a provision that Parker "understands that the maximum penalty which the Court may impose upon his plea of guilty is imprisonment for a period not to exceed ten (10) years" plus a maximum fine and a term of supervised release. Plea Agreement, ER 41-42. Parker's prison sentence, fine and term of supervised release, and crime victim fund assessment, were within the limits specified in the plea agreement.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3