91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ursus Demetrious STROUD, Defendant-Appellant.
 No. 95-30138.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided July 10, 1996.
 
 Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,** District Judge.
 MEMORANDUM***
 Ursus Demetrious Stroud appeals his 60-month sentence following resentencing by the district court for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count III). Stroud contends that he should not have been resentenced to a 60-month mandatory minimum because the amount of drugs for which he was convicted did not meet the threshold amount required for imposition of the mandatory minimum. We have jurisdiction pursuant to 28 U.S.C. § 1291 and vacate and remand.
 Stroud was originally convicted of violating 21 U.S.C. § 841(a)(1) (Count I) and 18 U.S.C. § 922(g) (Count III), the crimes for which he was resentenced, as well as 18 U.S.C. § 924(c)(1) (Count II). The district court sentenced Stroud to 60 months imprisonment for Counts I and III, to be served concurrently, and to 60 months imprisonment for Count II, to be served consecutively to Counts I and III, followed by five years of supervised release. On December 21, 1994, this court affirmed the district court's judgment on Counts I and III and reversed the conviction on Count II. The government chose not to pursue Count II and withdrew that charge. On April 3, 1995, the district court resentenced Stroud on Counts I and III to 60 months imprisonment to be served concurrently followed by four years of supervised release.
 The legality of a sentence is reviewed de novo. United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994). "[A] district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow from either the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35." United States v. Lewis, 862 F.2d 748, 750 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989) (citing United States v. Minor, 846 F.2d 1184, 1187 (9th Cir.1988)).
 Here, this court affirmed the judgment on Counts I and III. Our mandate did not provide for resentencing on these two counts. See Lewis, 862 F.2d at 750. For this reason, the district court lacked the authority to reconsider the legally imposed sentences. See Minor, 846 F.2d 1188 (district court lacked authority under court of appeals mandate to reconsider defendant's affirmed sentences). Nor did the district court derive any authority from Fed.R.Crim.P. 35 to resentence Stroud on Counts I and III. See Fed.R.Crim.P. 35; Lewis, 862 F.2d at 750 (district court lacked inherent power or authority under Fed.R.Crim.P. 35 to alter previously imposed legal sentences). Because the district court lacked the authority to resentence Stroud, the district court's resentencing on Counts I and III was improper. See Lewis, 862 F.2d at 750; Minor, 846 F.2d 1188. Accordingly, the district court's amended sentences are vacated and we remand with instructions that the original sentences imposed on Counts I and III be reinstated. See Lewis, 862 F.2d at 751; Minor, 846 F.2d 1189.[1]
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court lacked the authority to resentence Stroud, we do not reach the merits of his contention that the district court improperly applied the mandatory minimum sentence. See Lewis, 862 F.2d at 750; Minor, 846 F.2d at 1188