Damon **FLOWERS**, Petitioner–Appellee,

v.

Bert **RICE**, Warden of Ironwood State Prison, Respondent–Appellant.

Nos. 00–57198, 01–55601.

D.C. No. CV–98–02996–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Oct. 1, 2001.

---

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM [*]

Bert Rice appeals the district court's order granting Damon Flowers's petition for the writ of habeas corpus. In its judgment and order filed on March 29, 2001, the district court articulated three bases for granting Rice's petition: 1) insufficiency of the evidence, 2) prosecutorial misconduct, and 3) ineffective assistance of counsel. In addition, Flowers urges that the order may be upheld because of instructional error. For the reasons stated below, we reverse.

### I. Sufficiency of the Evidence

■ When hearing a sufficiency of the evidence claim in habeas, the court must determine whether the evidence, viewed in the light most favorable to the prosecution, would permit any rational trier of fact to

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

conclude that the defendant was guilty beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "Circumstantial evidence and inferences drawn from [the evidence] may be sufficient to sustain a conviction." *United States v. Lewis,* 787 F.2d 1318, 1323 (9th Cir.), *amended on denial of reh'g,* 798 F.2d 1250 (9th Cir. 1986). Personal testimony, even confused and contradictory testimony, can support a conviction. *See Frederick,* 78 F.3d at 1374.

Flowers contends that Jamal Dunn, the only person who identified Flowers as the driver of the vehicle from which shots were fired, was so lacking in credibility as to render any verdict based on his testimony unsupportable. The district court found numerous inferential inconsistencies in Dunn's testimony by, in part, looking to materials outside the record. The record, however, contains sufficient evidence for a reasonable jury to have credited Dunn's testimony identifying Flowers as the driver of the car, and discounting Flowers's alibi and the expert's opinion.

## II. Prosecutorial Misconduct

■ "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller,* 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (citation and internal quotation omitted).

The prosecutor's invocations of her alma mater and her past dealing with Fraser in another case were improper. This information was not adduced through admissible evidence. That said, the prosecutor's efforts to impugn Fraser were primarily directed at showing that he had exaggerated his credentials and was biased. This latter effort was wholly within the bounds of legitimate cross-examination. The pros-

ecutor's improprieties were not so egregious as to deny Flowers a fair trial.

## III. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Flowers must show that his trial counsel's performance fell outside a wide range of reasonableness and that he was prejudiced by that performance. *See Wilson v. Henry,* 185 F.3d 986, 988 (9th Cir.1999). Prejudice occurs where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 691, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ First, Flowers contends that defense counsel was grossly negligent in failing to fully impeach Dunn. The transcript, however, demonstrates otherwise. In cross-examination, defense counsel confronted Dunn with his conflicting testimony and questioned him about his prior experience testifying, implying that he had become a skilled and comfortable witness. In closing argument, defense counsel attacked Dunn's credibility by highlighting inconsistencies in his testimony and his manner during testimony. Defense counsel's impeachment of Dunn was extensive and was not so paltry as to place it outside "the wide range of professionally competent assistance" under *Strickland,* 466 U.S. at 690.

■ Second, Flowers argues that by failing to object to the prosecutor's motion to include a great bodily injury allegation against Flowers, defense counsel failed to adequately stave off introduction of graphic evidence of the victim's injuries. Evidence of Smith's injuries, however, was admissible for other purposes, such as to show the shooter's intent, firearm use, and/or to corroborate Dunn's version of

events. *See People v. Osband,* 13 Cal.4th 622, 675, 55 Cal.Rptr.2d 26, 919 P.2d 640 (1996), *cert. denied,* 519 U.S. 1061, 117 S.Ct. 696, 136 L.Ed.2d 618 (1997); *People v. Venegas,* 25 Cal.App.4th 1731, 1742, 31 Cal.Rptr.2d 114 (1994). As such, we cannot conclude that prejudice resulted from trial counsel's failure to object to the prosecutor's motion.

Finally, Flowers contends that trial counsel was ineffective by failing to object to the prosecutor's attack on Fraser and his credentials during closing argument. As noted above, however, the prosecutor's statements did not go so far as to deprive Flowers of a fair trial.

### IV. Instructional Error

■ Although the district court did not base its decision on instructional error, Flowers urges this point as an alternative basis for affirmance. Flowers argues that the trial court erred by failing to give the California jury instruction, CALJIC No. 3.01, which sets forth the necessary mental state and physical acts required for aider and abettor liability. The parties do not dispute that the failure to give CALJIC No. 3.01 constitutes a constitutional error. *See Martinez v. Borg,* 937 F.2d 422, 423 (9th Cir.1991).

Instructional error under *Beeman* is harmless if other instructions required the jury to find the elements of the missing instruction. *See Dyer v. Calderon,* 122 F.3d 720, 737 (9th Cir.1997), *vacated on other grounds upon rehearing en banc,* 151 F.3d 970 (9th Cir.1998) (en banc). Under California law, to be convicted under an aiding and abetting theory of liability, the aider and abettor must act with "knowledge of the criminal purpose of the perpetrator and with an intent or purpose either of committing or of encouraging or

facilitating the commission of the offense." *See People v. Beeman,* 35 Cal.3d 547, 560, 199 Cal.Rptr. 60, 674 P.2d 1318 (1984).

Although the trial court failed to give CALJIC No. 3.01, it did give No. 3.00, stating that all principals, including aiders and abettors, are considered equally guilty. The trial court also gave CALJIC Nos. 8.66 and 8.67. Number 8.66 required the jury to find that Flowers had the specific intent to kill. Number 8.67 required the jury to find that Flowers and the shooters acted with mutual knowledge of a fully shared criminal purpose, and that Flowers shared the same specific intent to kill of which the shooters were possessed. Any claimed error with respect to CALJIC No. 3.01 was harmless.

For the reasons stated above, we conclude that the district court erred in granting Flowers's petition.

REVERSED. THE MANDATE SHALL ISSUE FORTHWITH.