MEMORANDUM *
Petitioner Hung Viet Vu appeals the dismissal of his amended habeas corpus petition on grounds of untimeliness. We vacate the dismissal and remand for further proceedings.
I. Background
Vu was convicted in California Superior Court of first degree murder and assault with a firearm. He was sentenced to life without the possibility of parole. On direct appeal his conviction and sentence were affirmed, with the exception of the imposition of a fine and certain clerical errors. On March 15, 2006, the California Supreme Court denied his petition for review. Vu’s conviction became final on June 13, 2006. He filed a state habeas petition on February 7, 2007, which was denied on May 10, 2007.
*441 Vu filed a pro se federal habeas petition on March 14, 2007, which referred to “[attachments setting forth all factual and legal grounds on which relief is sought.” The attachment, however, was missing, and the petition itself did not allude to the claims it sought to raise or the factual grounds on which they were based. The magistrate judge later found that Vu had “meant to attach his state appellate briefing to the original petition.” Respondent Richard Kirkland has not objected to this finding and the district court did not disagree with it.
On April 24, 2007, a magistrate judge appointed counsel to represent Vu in federal court. Beginning on May 9, 2007, Vu’s lawyer requested five extensions of time to file an amended petition, each of which was granted, but each of whieh she did not meet. Finally, on April 11, 2008, more than a year after the original petition’s filing, Vu’s lawyer filed an amended petition, whose claims closely tracked those raised in Vu’s petition for review to the California Supreme Court.
Respondent Kirkland filed a motion to dismiss on grounds of untimeliness, which the district court granted, concluding that the amended petition did not relate back to the original petition because the original petition failed to state any claim at all. The district court thereafter issued a certificate of appealability on whether Vu’s “amended petition was not timely filed and cannot relate back to the original petition which failed to state any claim for relief.”
II. Discussion
Vu advances several arguments for why his amended petition was timely. Only one of these merits discussion: Vu argues that because the magistrate judge failed to follow the clear intent of the Rules Governing Section 2254 Cases in the United States District Courts (“Habe-as Rules”), the district court should have accepted Vu’s amended petition as timely. In his brief, Kirkland argues only that Vu has waived any argument based on equitable tolling.[1] Because Kirkland fails to argue that Vu has waived any other argument, we consider Vu’s Habeas Rules argument on its merits, for the doctrine of waiver applies to arguments of waiver too. See, e.g., Tokatly v. Ashcroft, 371 F.3d 613, 618 (9th Cir.2004); United States v. Lewis, 787 F.2d 1318, 1323 n. 6 (9th Cir. 1986), amended, 798 F.2d 1250 (9th Cir. 1986).
Habeas Rule 2(c) provides that a habeas petition must “specify all the grounds for relief available to the petitioner” and “state the facts supporting each ground.” Habeas Rule 2(c)(l)-(2). Under this Rule, Vu’s original petition was grossly defective. It utterly failed to identify his legal claims and the factual grounds on which they rested.
Since 2004, the Habeas Rules have specifically provided for a situation like Vu’s. When a petition is filed, *442 Habeas Rule 4 (2004). Where a petition does not meet the requirements of Rule 2(c), however, the district court must not simply dismiss a defective petition with prejudice, for under AEDPA’s one-year statute of limitations “the court’s dismissal of a petition ... may pose a significant penalty for a petitioner.” Habeas Rule 2 advisory committee notes. Rather, the district court is to “accept a defective petition,” but “require the petitioner to submit a corrected petition that conforms to Rule 2(c).” Id.
*441 [t]he clerk must promptly forward the petition to a judge under the court’s assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.
*442 The advisory committee notes to Habeas Rule 2, when read together with Rule 4’s requirement that a judge “promptly examine” the petition, show that filers must be promptly notified of obvious deficiencies in their petitions so that they can timely correct them. Under the Rules, the magistrate judge that examined Vu’s petition should have promptly notified him that the petition was missing an attachment and therefore did not comply with Rule 2(c). If Vu had been notified, he could have easily filed a corrected petition, complete with the missing attachment, before the limitations period expired on September 14, 2007.
We have held that where an error by a district court contributes to a petition’s untimely filing, the district court has the equitable power to right its own wrong by accepting the untimely petition nunc pro kmc to a timely date. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000). Exercising that power is discretionary with the district court, and we express no opinion on whether the district court’s ultimate decision to dismiss the amended petition as untimely was wrong.
The record suggests, however, that the district court did not realize it possessed the equitable discretion to correct the magistrate judge’s earlier error by accepting the amended petition nunc pro tunc to a timely date. The district court never alluded to any discretionary power and treated its dismissal as required by the statute of limitations and the Habeas Rules, stating that it “c[ould] reach only one conclusion.” Even where the record on appeal is “ambiguous with regard to whether the district court realized it had discretion,” our practice is to remand the case for the district court to exercise its informed discretion in the first instance. Beaty v. BET Holdings, Inc., 222 F.3d 607, 610 (9th Cir.2000) (emphasis added). Remand is all the more warranted here, where the record so strongly indicates that the district court failed to realize it had discretion. We therefore vacate the district court’s dismissal of the petition and remand for further proceedings.
On remand, the district court should examine the totality of all relevant factors in deciding how to exercise its discretion. Among the factors that favor accepting Vu’s amended petition nunc pro tunc are the harsh result of dismissal, cf. Schmidt v. Herrmann, 614 F.2d 1221, 1223 (9th Cir.1980); the magistrate judge’s clear failure to follow the Habeas Rules; Vu’s initial status as a pro se petitioner; and the public policy preferring dispositions of cases on their merits, see Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir.2004). Among the factors that disfavor acceptance are the repeated negligent failure of Vu’s counsel to meet deadlines and the “principles of comity, finality, and federalism that AEDPA was intended to promote.” Summers v. Schriro, 481 F.3d 710, 717 (9th Cir.2007) (quotation marks and citation omitted). We do not presume to exhaustively list all relevant factors, and leave it to the district court to weigh all relevant factors in the first instance.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The passage cited by the dissent refers to only one "instant argument." (See Dissent at 1 n.l.) This is an equitable tolling argument, as is indicated by both the passage's allusion to “detrimental[ ] reli[ance]” and its placement in Kirkland's brief — under the heading "Vu Is Not Entitled to Equitable Tolling,” and separate from the brief's discussion of the Habeas Rules. (Id.; Red Br. at 11, 23-25.)