**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10461 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-02211-FRZ-JR |
| v. | |
| JEROME DERRICK OWINGS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted September 12, 2014
San Francisco, California

Before: FISHER, BERZON and CHRISTEN, Circuit Judges.

Jerome Derrick Owings appeals from his convictions on charges of being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and

possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), as well as from

his sentence following those convictions.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** As in *United States v. VonWillie*, 59 F.3d 922, 930 (9th Cir. 1995), the joint trial here was not "manifestly prejudicial." *United States v. Lewis*, 787 F.2d 1318, 1321, *opinion amended on denial of reh'g*, 798 F.2d 1250 (9th Cir. 1986).[1] The parties stipulated to a prior felony conviction, without further elaboration, and the government barely touched on the prior conviction in its closing argument. *Cf. id.* at 1323. Although the limiting instructions in this case, "given in the waning moments of the trial" and without "specifically impress[ing] upon the jury its duty to ignore prior convictions in determining guilt," *id.*, were inadequate, because the conviction evidence was not emphasized and the government's case was otherwise strong, if not airtight, *cf. id.*, the joint trial was not manifestly prejudicial, and there was no reversible error.

**2.** The district court did not abuse its discretion in admitting evidence that Owings himself stole the gun at issue in this case. The theft evidence was relevant to establish that Owings knew the gun was stolen. *See* Fed. R. Evid. 401. Owings's arguments regarding the reliability of Boothe's testimony go to Boothe's credibility but do not establish that his testimony, if believed, was not relevant.

---

[1] Because we find no abuse of discretion on any standard of review, we do not reach the question whether plain-error review is appropriate under the circumstances of this case.

The probative value of the theft evidence was not "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Owings argued at trial and on appeal that Harper and Johnson were known liars and had an incentive to invent a story about Owings's involvement. Boothe's testimony corroborated aspects of Harper's and Johnson's testimony, and also offered an apparently independent source of evidence as to Owings's knowledge that the gun was stolen. The specter of unfair prejudice, by contrast, was minor or nonexistent. The jury acquitted Owings of a third charge, indicating that the jury weighed the evidence as to each count rather than convicting Owings simply because it considered him a "bad person." The theft evidence was also unlikely to be unduly confusing to the jury, so we discern no abuse of discretion in admitting it under Rule 403.

Finally, the theft evidence was also properly admitted under Fed. R. Evid. 404(b), as it was offered to establish Owings's knowledge – a purpose other than as character evidence. Owings had "reasonable notice" because Boothe had been noticed as a witness for the previous trial.

**3.** The evidence against Owings was sufficient to support the jury's guilty verdicts because, "viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the

3

crime beyond a reasonable doubt." *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) (internal quotation marks omitted).

Owings contends that the lynchpin of the government's case was Harper's testimony, and that the jury necessarily rejected that testimony as not credible, because it acquitted Owings of transferring a firearm to a prohibited person. *See* 18 U.S.C. § 922(d). But Harper never testified that Owings knew Harper was a felon, nor was other evidence offered to establish that element. The split verdict thus does not compel the conclusion that the jury discredited Harper's testimony. On the contrary, we must conclude that the jury credited that testimony. *See United States v. Yoshida*, 303 F.3d 1145, 1149 (9th Cir. 2002). As there is ample evidence to support the jury's verdict, the district court did not err in denying the motion for a judgment of acquittal.

Because we have rejected Owings's contentions of trial error, there was no cumulative error either. *See United States v. Ganoe*, 538 F.3d 1117, 1127 (9th Cir. 2008).

**4.** Owings's conviction for attempted aggravated assault under Arizona Revised Statutes §§ 13-1203(A)(2) and 13-1204(A) qualifies as a crime of violence, so his offense level and Guidelines range were properly calculated. *See* U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(a).

4

Contrary to the district court's analysis, *United States v. Gomez–Hernandez*, 680 F.3d 1171 (9th Cir. 2012), did not hold that a conviction for attempted aggravated assault under Arizona law categorically satisfies the generic definition of aggravated assault. Instead, it held only that such a conviction satisfies the mens rea requirement of the generic form of that crime. 680 F.3d at 1177-78.[2]

We affirm the sentence on a different basis, as we may do. *See United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006). The district court found that Owings's prior conviction was for a violation of Arizona Revised Statutes § 13-1203(A)(2), and § 13-1204(A). Convictions under § 13-1203(A)(2) categorically qualify as crimes of violence under the definition of that term found at 18 U.S.C. § 16(a): "an offense that has as an element the use, attempted use, or threatened use of physical force against the person . . . of another." *See United States v. Cabrera-Perez*, 751 F.3d 1000, 1007 (9th Cir. 2014). The definition of "crime of violence" at issue in this case contains essentially identical language: a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The only relevant difference is that § 4B1.2(a)(1) requires that the

---

[2] We do not reach Owings's argument that *Gomez–Hernandez* was abrogated by *Descamps v. United States*, 133 S. Ct. 2276 (2013).

conviction be a felony, whereas 18 U.S.C. § 16(a) does not. But where, as here, the Arizona conviction is for aggravated assault (or attempted aggravated assault), the felony requirement is categorically satisfied as well. Thus, Owings's conviction for an aggravated violation of § 13-1203(A)(2) qualifies as a crime of violence as defined in U.S.S.G. § 4B1.2(a).

At oral argument, Owings contended, for the first time, that the district court erred in concluding that he *was* convicted under § 13-1203(A)(2). Owings waived this argument by failing to raise it in his briefs. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009); *Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008).

In any event, Owings's argument is without merit. Where, as here, the PSR "specifies the statute under which he was convicted," and the defendant "has never alleged that the PSR is inaccurate," a district court may rely solely on the PSR to conclude that the defendant was, in fact, convicted under that statute. *United States v. Romero-Rendon*, 220 F.3d 1159, 1165 (9th Cir. 2000); *see also United States v. Guzman-Mata*, 579 F.3d 1065, 1074 (9th Cir. 2009). The district court's finding was therefore proper, as was the sentence.

**AFFIRMED.**