**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30227 |
| Plaintiff - Appellee, | D.C. No. 9:12-cr-00050-DLC-1 |
| v. | |
| CURTIS KEITH TICHENOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted February 3, 2015[**]
Seattle Washington

Before: FISHER, BEA, and MURGUIA, Circuit Judges.

Curtis Keith Tichenor appeals from his convictions for being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1), robbery in violation

of 18 U.S.C. § 1951(a) and brandishing a firearm in furtherance of a crime of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violence in violation of 18 U.S.C. § 924(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. We reject Tichenor's argument that the felon-in-possession count was misjoined with the robbery-related charges. *See United States v. VonWillie*, 59 F.3d 922, 929-30 (9th Cir. 1995) (joinder proper when the indictment charges the defendant with being a felon in possession of the same weapons used in the commission of other charged crimes and evidence overlaps).

2. Tichenor's argument that the district court abused its discretion by refusing to sever the felon-in-possession count fails because he cannot establish that the joint trial was "manifestly prejudicial." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir.), *opinion amended on denial of reh'g*, 798 F.2d 1250 (9th Cir. 1986); *see VonWillie*, 59 F.3d at 930. The prosecutor stipulated to the prior conviction and did not present any additional evidence about the crime. Also, as the district court observed, the evidence related to the felon-in-possession count overlapped significantly with the robbery charges. Given the overlapping evidence, the "burden on judicial resources that would have resulted from hearing the charges and evidence against [Tichenor] in multiple trials outweighs any limited prejudice that [Tichenor] may have experienced" by having the charges jointly tried. *United States v. Lopez*, 477 F.3d 1110, 1117 (9th Cir. 2007).

2

3. Tichenor argues that the district court erred by denying his motion for a mistrial because the government, by showing a witness the gun during a pre-trial meeting, "suggestively persuaded" the witness to identify the gun at trial as the weapon used during the robbery. Before the allegedly suggestive meeting, however, the witness had already described the gun in detail, and identified it in a photograph.[1] Tichenor therefore cannot show that the district court abused its discretion by denying his motion for a mistrial. *See Renico v. Lett*, 559 U.S. 766, 774 (2010) ("[D]ecision to declare a mistrial is left to the sound discretion of the judge, but the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." (internal quotation marks omitted)).

4. We also reject Tichenor's contention that the district court abused its discretion when it denied his motion for acquittal. Because Tichenor failed to object to the admission of Kimes's prior inconsistent statement (Defense Exhibit

---

[1] Tichenor does not challenge the earlier photo identification. He also fails to provide authority extending the suggestive suspect identification case law to identifications of physical evidence. *See Johnson v. Sublett*, 63 F.3d 926, 931-32 (9th Cir. 1995) ("There is no authority holding that a defendant's due process right to reliable identification procedures extends beyond normal authenticity and identification procedures for physical evidence offered by the prosecution.").

500), the jury was free to consider the evidence for any purpose, or reject it in its entirety. *See United States v. Foster*, 711 F.2d 871, 877 (9th Cir. 1983).

5. Lastly, the district court did not abuse its discretion by refusing Tichenor's proposed addict instruction. The district court provided the jury with several cautionary instructions regarding the witness' credibility, including a general credibility instruction, an immunity instruction, and an instruction cautioning the jury about the witness' prior felony conviction. Taken together, these instructions adequately cautioned the jury about the witness' trustworthiness. *See United States v. Burrows*, 36 F.3d 875, 878 (9th Cir. 1994) (holding that an addict instruction is not required where, as here, there was an adequate opportunity for the adverse party to cross-examine the witness about her addiction and the court's reading of other cautionary instructions gave the jury an adequate basis to assess the witness' credibility).

**AFFIRMED.**

4