BERZON, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that any error in precluding the defense from cross-examining Costa was harmless, and therefore concur in Section 2 of the memorandum disposition. However, I conclude that the conspiracy and distribution counts were misjoined under Rule 8(a) and that the misjoinder actually prejudiced Drummon-do-Farias. I therefore respectfully dissent from Section 1.
1. Although “Rule 8 has been ‘broadly construed in favor of initial joinder,’” United States v. Jawara, 474 F.3d 565, 573 (9th Cir.2007) (quoting United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir.1971)), the Rule 8 test is not “without meaningful limits.” Id. at 579. Jawara identified six nonexhaustive factors, quoted by the majority, to consider in assessing whether the charges in an indictment were properly joined under that prong of Rule 8(a). In my view, the enumerated Jawara elements, .taken together, weigh against finding the charges are the same or similar. (The government advances no factors other than those enumerated in Jawara for consideration as to joinder.)
(1) The essential elements of the two crimes do not overlap. Although the offenses are related, the conspiracy charge requires no overt act, United States v. Shabani, 513 U.S. 10, 11, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994), and the distribution charge requires no agreement. Thus, the elements factor may tilt (a bit) in favor of finding the charges are “of the same or similar character,” but not strongly.
(2) The charges in Drummondo-Farias’ indictment are separated by nearly fourteen months. I can find only one (unpublished) case in this Circuit approving the joinder under the “same or similar character” prong of charges separated by a period of fourteen months or more, United States v. Akana, 210 Fed.Appx. 681, 682 (9th Cir.2006) (unpublished). Two of the charges in that case alleged identical statutory violations and therefore identical essential elements. Most of our cases approving joinder of charges as “offenses .., of the same or similar character” either involve temporally overlapping charges, or temporal separations of significantly shorter duration than the one in this case. We have also suggested that even shorter temporal distances weigh against finding join-der was proper. See, e.g., United States v. Free, 841 F.2d 321, 323, 324 n. 1 (9th Cir.1988). I therefore conclude the temporal proximity factor weighs against finding the charges are of the same or similar character.
(3) As to the third factor, “the likelihood and extent of evidentiary overlap” between the charges, the indictment makes no sug- *620 gestión that the evidence on the two counts was likely to overlap. Additionally, the rather precise figures of methamphetamine described in each count are markedly different, indicating that the physical evidence would be proved by two separately seized batches of drugs. This factor therefore also weighs against finding the charges are of the “same or similar character.”
(4) As to the fourth factor, “the physical location of the acts,” the complaint alleges that the conspiracy occurred “in the District of Hawaii and elsewhere,” and that the distribution occurred “in the District of Hawaii.” The District covers the entire state, comprised of seven inhabited islands. Also, as the conspiracy is alleged also to have occurred “elsewhere,” the indictment indicates the physical location of the acts is partly dissimilar. I therefore v conclude this factor weighs against finding that the crimes are of the same or similar character.
(5) As to the fifth factor, “modus oper-andi,” the indictment is silent as to the modus operandi of either crime. I therefore conclude the modus operandi factor weighs against finding the offenses are of the same or similar character. See Jawara, 474 F.3d at 579
(6) As to the final factor, “the identity of the victims,” the indictment does not identify any victims of either crime. I therefore conclude this factor weighs against finding the offenses are “of the same or similar character.”
When so many of the factors Jawara identified as relevant to the “same or similar character” inquiry weigh against such a finding, the face of the complaint does not establish that the offenses are of the same or similar character. I therefore conclude the counts were misjoined.
b. “A violation of Rule 8 ‘requires reversal only if the misjoinder results in actual prejudice because it had a substantial and injurious effect or influence in determining the jury’s' verdict.’ ” Jawara, 474 F.3d at 579 (quoting Terry, 911 F.2d at 277). In determining whether the misjoin-der had a “ ‘substantial and injurious’ effect on the jury’s verdict,” id., a variety of factors are relevant, “including ‘the overwhelming evidence of guilt shown,’ the provision of a ‘proper limiting instruction ... admonish[ing] the jury to consider each count ... separately,’ and the likelihood that evidence admitted on the mis-joined count would have been admissible in a separate trial as evidence of intent under Federal Rule of Evidence 404(b).” Id. (quoting United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986)).
The evidence adduced at Drummondo-Farias’ second trial was certainly sufficient for a reasonable juror to conclude beyond a reasonable doubt that he was guilty of conspiracy, but it was not “overwhelming.” Lane, 474 U.S. at 450, 106 S.Ct. 725. The cooperating witnesses had strong incentive to lie. The other evidence on the conspiracy charge was primarily circumstantial. That the first trial of Count 1 ended in a mistrial also tends to suggest the evidence was not “overwhelming.” As to the overlap in evidence, “it is generally ‘much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts, than it is to compartmentalize evidence against separate defendants joined for trial.’ ” Jawara, 474 F.3d at 581 (quoting See United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir.) opinion amended on denial of reh’g, 798 F.2d 1250 (9th Cir.1986)). Here, evidence admitted solely for Count 2 — the tape recording of “Jake” discussing methamphetamine purchases with Fua — could have enhanced the *621 jury’s impression of the defendant’s guilt of Count 1. If the conspiracy had been charged separately, that audio recording would likely not have been admitted.
The split verdict is not dispositive of the prejudice question, because of the possibility of an illicit compromise verdict. See United States v. Terry, 911 F.2d 272, 280 n. 3 (1990) (quoting United States v. Grey Bear, 863 F.2d 572, 579 (8th Cir.1988)) (some alterations in original); see also Lewis, 787 F.2d at 1322 (noting psychological studies suggesting that evidence of a weak charge can improperly enhance the jury’s perception of the strength of the evidence of another charge).
Further, the evidence adduced regarding the distribution charge was significantly “more extensive, and thus more damaging, than that which [cjould [have] be[en] adduced to establish a prior crime as proof of such matters as motive or intent” in a separate second trial of the conspiracy charge. Satterfield, 548 F.2d at 1346. The bulk of the 180 pages of testimony introduced in support of Count 2 would not have been admissible under Rule 404(b), because it would have been either unnecessarily cumulative or prejudicial or both.
Finally, the government added Count 2 after the first trial ended in a hung jury, because “obviously, we were trying to improve our case any way we could;” after “looking through DEA files, [we] found this one buy [in 2010] by ... Mr. Drum-mondo,” which was then added to the indictment, despite a policy of not prosecuting “one buy” cases. In other words, the government joined the distribution charge to improve its chances of prevailing on the conspiracy charge.
Joinder did not serve judicial economy here. It only served to prejudice the defendant by presenting the jury with the temptation of an illicit compromise verdict. I therefore respectfully dissent.